No. 15,544.

McCOWAN, ADMINISTRATRIX *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.
(179 P. [2d] 275)

Decided March 3, 1947. Rehearing denied April 7, 1947.

Mr. E. B. UPTON, Mr. HARRY A. KING, for plaintiff in error.

Mr. EDWARD L. WOOD, for defendant in error.

*En Banc.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

THE parties to this proceeding appear here in the same order as in the trial court and we hereinafter refer to them as plaintiff and defendant.

April 21st, 1930, defendant issued an insurance policy on the life of Edward M. McCowan for $1000.00. Included in the policy was a double indemnity provision whereby insurer agreed to pay an additional $1000.00, in the event of death of the insured "from bodily injuries caused * * * by accidental means." There also was a

provision that the double indemnity benefit "does not include death resulting from or caused directly or indirectly by self-destruction sane or insane, disease or illness of any kind, physical or mental infirmity." On July 7, 1941, McCowan committed suicide while insane. Defendant paid plaintiff, administratrix of McCowan's estate, $1000.00, under the life insurance policy, but refused to pay the additional $1000.00, under the double indemnity provision. She sued defendant for that sum and brings the judgment, which was adverse to her, here for review by writ of error.

Section 59, chapter 99, S.L. 1913 (first enacted in 1903, and twice since reinacted), provides: "The suicide of a policy-holder after the first policy year, of any life insurance company doing business in this state, shall not be a defense against the payment of a life insurance policy, whether said suicide was voluntary or involuntary, and whether said policy-holder was sane or insane." The General Assembly by chapter 136, S.L. '35, reenacted this statute and added thereto the following: "providing, however, that nothing in this Act contained is intended or shall be construed to apply to any accident insurance policy insuring against accidental death or death by accidental means, or to those parts or provisions of any life insurance policy which insure specifically against accidental death or death by accidental means." '35 C.S.A., c. 87, §76.

■ Construing the 1913 suicide statute, we have held: That the taking of one's life while insane is an accident; that an accident policy which required payment in the event of death was, to that extent, a life insurance policy; and that provisions of a policy barring recovery in case of suicide while insane were a "nullity." *Officer v. London Guarantee & Accident Co.*, 74 Colo. 217, 220 Pac. 499; *London Guarantee & Accident Co. v. Officer*, 78 Colo. 441, 242 Pac. 989; *Massachusetts Protective Ass'n v. Daugherty*, 87 Colo. 469, 288 Pac. 888; *Capitol Life Insurance Co. v. Di Iullo*, 98 Colo. 116, 53 P.

(2d) 1183. Nor do we, in *New York Life Ins. Co. v. West,* 102 Colo. 591, 82 P. (2d) 754, overrule these decisions. We only stated: "The law simply says that every death of a sane person, nor self inflicted, which creates a liability, shall likewise create a liability where death is self inflicted by an insane person."

 Defendant seeks to invoke the provisions of the 1935 amendment; but long before said amendment, the policy in suit became a valid and binding contract and the law subsisting at the time it was issued controls. *First Nat. Bank v. Arthur,* 10 Colo. App. 283, 285, 50 Pac. 738. The suicide provision of the policy was a nullity, and was void and of no effect at the time it was written. The inhibition of the statute, in legal contemplation, was substituted for the void provision and became binding upon the parties. *Modern Brotherhood of America v. Lock,* 22 Colo. App. 409, 415, 125 Pac. 556; *Kansas City Life Ins. Co. v. Bowns,* 129 F. (2d) 287. The amended statute fails to indicate in any way a legislative intent that it should operate retrospectively. The courts have universally construed all legislation as prospective only, unless by plain and positive language it otherwise appears. *Brown v. Challis,* 23 Colo. 145, 147, 46 Pac. 679; and this is true even when applied to statutes which are remedial only. *Jones v. O'Connell,* 87 Colo. 103, 105, 285 Pac. 762; *Edelstein v. Carlile,* 33 Colo. 54, 58, 78 Pac. 680; *Bonfils v. Public Utilities Commission,* 67 Colo. 563, 573, 189 Pac. 775; *State Highway Department v. Stunkard,* 115 Colo. 358, 174 P. (2d) 346, 347. Defendant also urges that the 1935 amendment should be held applicable to claims brought upon policies written prior to its passage for deaths occurring after its passage; but the rights of the parties are to be determined by the law in force at the time the policy was written. *First Nat. Bank v. Arthur, supra.*

Defendant contends that the mental-infirmity provision of the policy controls this case. If that term is used to mean insanity, then by statute, it is not available

as a defense, and, by court decision is a nullity. On the other hand, if it does not mean insanity, it has no application here, because it is admitted that McCowan committed suicide while insane.

Defendant further contends that the statute is procedural, and that its benefits may be invoked even though the policy was in force at the time the amendment became effective. But the statute is not merely procedural; it is substantive. It became a part of the policy when the latter was written, and it had the effect of expunging from the policy the inconsistent provision therein, relating to nonliability for death resulting from self destruction. *Kansas City Life Ins. Co. v. Bowns, supra; Knights Templars' and Masons' Life Indemnity Co. v. Jarman,* 187 U.S. 197, 23 Sup. Ct. 108, 47 L. Ed. 139.

 If the legislature by the 1935 act intended to destroy the protective provisions of the former statute, the act would be unconstitutional. Having under consideration this identical subject, it was held in *Modern Brotherhood of America v. Lock, supra:* "It is equally certain that in this state, and in others having like constitutional provisions, such statute, if it attempted to destroy the protective provisions of a former statute, would be in contravention of the constitution of the state, as well as of the provisions of the federal constitution which prohibit the states from passing any law impairing the obligation of contracts."

The judgment is reversed.

Mr. Justice Jackson dissents.

Mr. Justice Alter not participating.