516 P.2d 441 (1973)
Cecil E. ALLCHURCH, Plaintiff in Error,
v.
PROJECT UNICORN, LTD., a Colorado corporation, et al., Defendants in Error.
No. 73-197.
Colorado Court of Appeals, Div. II.
November 20, 1973.
Robinson & Sullivan, Thomas W. Sullivan, Boulder, for plaintiff in error.
Clarke W. Karr, Denver, for defendants in error.
Selected for Official Publication.
RULAND, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties in this case have opposed each other in three separate cases filed in the district court; one case was dismissed and the remaining two consolidated for trial. Plaintiff in error, Cecil E. Allchurch, will be referred to as Allchurch, defendant in error, Project Unicorn, Ltd., will be referred to as Unicorn, and the other defendants in error, stockholders in Unicorn, will be referred to as Members.
Allchurch asserted a claim for past due salary, unreimbursed expenses, and other costs against Unicorn and its Members. Counterclaims were asserted against Allchurch for allegedly obtaining employment *442 from Unicorn by fraud and for various alleged acts of misconduct as an employee of Unicorn. During the trial a substantial number of exhibits were introduced.
The trial court ruled that it did not have jurisdiction over certain of the Members and that Allchurch was an employee of Unicorn and not of the Members; the trial court then calculated the amount due Allchurch and denied the counterclaims of Unicorn against Allchurch. From the resulting judgment, Allchurch prosecuted a writ of error to the Supreme Court, but after Allchurch had filed his opening brief, it was discovered that all of the exhibits introduced during the trial had been lost, due in no way to the fault of any of the parties or their respective counsel.
To attempt to rectify this defect in the proceedings, the Supreme Court appointed the trial judge as a Master to reconstruct the exhibits. However, after a hearing, the Master concluded that:
"[W]e have but a minute portion of the exhibits introduced into evidence and that it would be impossible and futile to attempt to reconstruct all of the exhibits because of their number, character, and unavailability."
Despite the missing exhibits, Allchurch maintains that the record is sufficient to demonstrate that the trial court erred: (1) In determining that Allchurch was not also an employee of the Members; and (2) in dismissing certain of the Members from the case on the basis of lack of jurisdiction.
Based upon our review of the record, we conclude that, absent the missing exhibits, the record does not support Allchurch's claims of error. Nor does the record support the claims on cross-error relative to the denial of the counterclaim of Unicorn.
No Colorado cases have been cited to us and we find none adopting a rule for disposition of a case under the present circumstances. We adopt the reasoning as set forth in Rodriquez v. Williams, 104 Ariz. 280, 451 P.2d 609; the court stated:
"The prevailing party in the lower court has won the case. We cannot lightly deprive him of his victory ...
"On the other hand, while the appellee has won a valuable right, the appellant's right to a meaningful appeal, is also valuable. When an essential part of the record has been lost without any fault on the part of the appellant, a refusal to grant relief is final and irrevocable and there is no way that the appellant can rectify an erroneous judgment. Obviously, no matter which way this court decides the case, one party's justice is going to be less than complete. But that result is due to the losing of the record, not to our failure to render a just decision.
. . . . . .
"The proper procedure, therefore, is to file in the court in which the appeal is pending, a motion to suspend the progress of the appeal and to reinstate the trial court's jurisdiction over the case for the limited purpose of reconstructing the record.
. . . . . .
"If the record cannot be supplied and appellant cannot present a meaningful appeal then ... the appeal must be dismissed."
The defective record will not support the contentions of error and cross-error, and the contents of the missing exhibits cannot be supplied.
Therefore, the only error which can be resolved on the record now before us is the issue of whether the Colorado statute, authorizing recovery of attorneys' fees in an unpaid wage claim, 1967 Perm. Supp., C.R.S. 1963, 80-8-14, applies retroactively.
We hold that this statute may not be applied retroactively. Our Supreme Court has consistently held that all statutes must be applied prospectively only, unless a contrary legislative intent is clearly manifest. See McCowan v. Equitable Life Assurance Society, 116 Colo. 78, 179 P.2d 275; Curtis *443 v. McCall, 79 Colo. 122, 244 p. 70. 1967 Perm.Supp., C.R.S.1963, 80-8-14, expresses no such intent.
That portion of the trial court's judgment which allowed Allchurch to recover attorneys' fees is reversed. The judgment is affirmed in all other respects. The cause is remanded with directions that the judgment be amended in conformity herewith.
COYTE and PIERCE, JJ., concur.