Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Smith:
This opinion letter is written in response to the December 2, 1981 letter written by Paula Herzmark in which she inquired about the base levy year to be used to determine whether a county may exceed the 7 percent limitation pursuant to C.R.S. 1973,29-1-301(1.3).
QUESTIONS PRESENTED AND CONCLUSIONS
1. When were taxes which paid for 1981 county expenditures imposed?
My conclusion is that the taxes were imposed in 1980.
2. Does C.R.S. 1973, 29-1-301(1.3) (1981 Cum. Supp.) permit the tax levy imposed in 1980 to be used as the base levy?
 My conclusion is "no." C.R.S. 1973, 29-1-301(1.3) may not be applied retrospectively because there is no specific authority for such application.
ANALYSIS
1. This opinion request arose as the result of questions posed by Larimer County commissioners to the Department of Local Affairs. The questions stem from the passage of H.B. 1613, C.R.S. 1973, 29-1-301(1.3). Subsection 1.3 states:
 If a taxing authority . . . does not impose in any given year the maximum levy that it could impose under subsection (1), the taxing authority may impose, in the year immediately following, a levy sufficient to levy the amount of revenue which could have been levied in the year in which it did not impose the maximum levy plus seven percent. . . .
Larimer County officials contend that the taxes were imposed in 1981. According to those officials, because H.B. 1613 was passed in 1981 and the taxes were imposed in 1981, the base levy is 1981.
The department's position is that the taxes were imposed in 1980 to fund 1981 expenditure. Because the tax is a 1980 tax rather than a 1981 tax, the department concludes that subsection 1.3 was not intended to apply to those taxes.
I conclude that the levies were imposed in 1980 on the 1980 property assessment to fund 1981 expenditures. This conclusion is based upon my reading of the various statutes which explain the tax levy and tax collection processes. The tax levy process is stated in C.R.S. 1973, 39-1-111.
 (1) No later than November 15 in each year, the board of county commissioners in each county of the state, . . . shall, by an order to be entered in the record of its proceedings, levy against the valuation for assessment of all taxable property located in the county on the assessment date . . . the requisite property taxes for all purposes required by law.
If an election is held pursuant to C.R.S. 1973, 29-1-302 to increase the levy beyond the 7 percent limit, then the levy must be certified by December 15 of each year. C.R.S. 1973, 39-5-128(1). The taxes are payable on the first day of January in the year following that in which they are levied and shall become delinquent on August 1 of that year. C.R.S. 1973, 39-10-102 (1981 Cum. Supp.). Under the facts of this case, Larimer County levied taxes in November, 1980. The taxes levied in November, 1980 became payable on January 1, 1981 to fund expenditures for 1981.
2. The underlying issue in this inquiry is whether the legislature intended to permit counties to use the taxes imposed in 1980 to serve as the base to permit an increase beyond the 7 percent limitation for the 1981 levy. In Colorado, statutes are presumed to be prospective in operation. C.R.S. 1973, 2-4-202. A statute will be applied retrospectively only when the intent to make the statute retrospective is clearly stated.Allchurch v. Project Unicorn, Ltd., 33 Colo. App. 173,516 P.2d 441 (1973). If it is doubtful whether the new law was intended to apply to past transactions, and the new statute does not set a time frame to determine which actions are subject to the new law, transactions which occurred prior to the effective date of the new law are not covered. See
Colo. Const. art. II, section 11; Bonfils v. Public UtilityComm., 67 Colo. 563, 189 P. 775 (1920). In this case, subsection 1.3 does not contain any language which overcomes this presumption. Therefore, I must conclude that the intent of the statute was to use the levies imposed in 1981 as the base. The first levy which may go beyond the 7 percent limitation under subsection 1.3 is the levy made in 1982.
This position is also supported by a review of the legislative history. On February 17, 1981, a legislative committee discussed the effective date of C.R.S. 1973, 29-1-301(1.3). An inquiry was made as to why the levies were applicable in the 1983 tax year but were excluded in the 1982 tax year. Representative Meiklejohn, the primary sponsor of the bill, responded that the bill was not intended to apply until 1982.
SUMMARY
County taxes paid in 1980 pay for 1981 expenditures. C.R.S. 1973,29-1-301(1.3) (1981 Cum. Supp.) may not be applied retrospectively. Thus the base levy year to be used to determine whether a county may exceed its seven percent limitation is 1981.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 29-1-301(1.3)
Colo. Const. art. II, § 11
AFFAIRS, LOCAL, DEPT. OF Local Government, Div. of
County taxes paid in 1980 pay for 1981 expenditures. C.R.S. 1973,29-1-301(1.3) (1981 Cum. Supp.) may not be applied retrospectively. Thus the base levy year to be used to determine whether a county may exceed its seven percent limitation is 1981.