Lewis H. JENKINS, Plaintiff–Appellant,

v.

WINE & DINE, INC., A Colorado corporation, Defendant–Appellee.

No. 88CA1140.

Colorado Court of Appeals, Div. IV.

Nov. 16, 1989.

Randall M. Calvert, Englewood, for plaintiff-appellant.

Mann & Tartaglia, W. Berkeley Mann, Jr., Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, Lewis Jenkins, appeals the summary judgment that dismissed his claim for relief based on common law negligence for furnishing alcoholic beverages to an intoxicated individual and negligence *per se* for violation of § 12–47–128, C.R.S.

(1985 Repl.Vol. 5). The trial court ruled that § 12–46–112.5, C.R.S. (1989 ·Cum. Supp.), which became effective after plaintiff's· action accrued, abolished plaintiff's claims. We reverse.

On May 17, 1982, plaintiff was injured while riding in a car driven by a companion. In this action, filed on June 30, 1986, he asserted that defendant, Wine and Dine, Inc., was negligent in that, before the accident, it had served the companion alcoholic beverages even though he was visibly intoxicated.

Section 12–46–112.5, C.R.S. (1989 Cum. Supp.) abolishing "any common law cause of action against a vendor of alcoholic beverages" became effective without the Governor's signature on May 3, 1986.

Plaintiff argues that the court erred in applying § 12–46–112.5, C.R.S. (1988 Cum.Supp.) retrospectively. We agree.

Colo.Const. art. II, § 11, provides:

"No ex post facto law ... or [law] retrospective in its operation ... shall be passed by the general assembly."

A statute is presumed to be prospective and shall be construed prospectively unless a contrary legislative intent is clearly manifest. Section 2–4–202, C.R.S., (1980 Repl. Vol. 1B), *See also Allchurch v. Project Unicorn, Ltd.,* 33 Colo.App. 173, 516 P.2d 441 (1973).

The trial court made no findings to justify retroactive application of the new statute. Nor do we perceive any clear intention on the· part of the General Assembly to make the statute operate retrospectively.

Here, as the supreme court concluded under similar circumstances in *Lyons v. Nasby,* 770 P.2d 1250 (Colo.1989), the plaintiff's claim accrued on the date of the injury. In *Lyons,* the supreme court held that:

"The 1986 amendments [to the statute there at issue] went into effect on May 3, 1986, and apply to claims which accrue on or after that date.... Because the petitioner's claim accrued on or about August 13, 1983, the 1985 and 1986 amendments do not apply."

The sequence of events here at issue leads to a similar result.

We conclude that the trial court erred in interpreting the language of § 12–46–112.5, C.R.S. (1988 Cum.Supp.) as abolishing all *existing* causes of action against a vendor of alcoholic beverages when the statute became effective. Hence, dismissal of the complaint was error.

Since we hold that § 12–46–112.5, C.R.S. (1989 Cum.Supp.) does not apply to plaintiff's claims which accrued prior to the effective date of this statute, we do not address the plaintiff's assertion that the statute is unconstitutional as applied to him.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

CRISWELL and HUME, JJ., concur.