Neil MOVITZ, Petitioner,

v.

DIVISION OF EMPLOYMENT AND TRAINING, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 91CA0259.

Colorado Court of Appeals, Div. IV.

Aug. 15, 1991.

Rehearing Denied Sept. 12, 1991.

Certiorari Denied Dec. 3, 1991.

Neil P. Movitz, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge METZGER.

Neil Movitz, claimant, seeks review of the final order of the Industrial Claim Appeals Panel, which ruled that 19 U.S.C. § 2296(a) (1988) and 20 C.F.R. 617.22(h) (1990) did not permit use of Trade Adjustment Assistance (TAA) funds to pay a portion of his law school tuition. He contends that the statute and regulation create an arbitrary classification that denies him equal protection of the laws. We affirm.

TAA funds are provided under the Trade Act of 1974, 19 U.S.C. § 2101, et seq. (1988), to pay for retraining workers adversely affected by foreign competition. 19 U.S.C. § 2296(a)(1) (1988) requires that in order for funds to be approved for training, the training program itself must meet certain specified conditions. One of these conditions is that the training must be available at a reasonable cost. If the program is approved, "the worker shall be entitled to have payment of the costs of such ... training paid on his behalf."

Under 19 U.S.C. § 2311 (1988), the program is administered by the states, each of which sets its maximum amount that may be paid for the total cost of a worker's training. Colorado's maximum is $6,000. Federal regulations impose further conditions; under 20 C.F.R. 617.22(h), training for which the worker is required to pay a fee or tuition cannot be approved.

Claimant entered law school after the loss of his job in the oil industry. He sought $6,000 of TAA funds to pay a portion of the $36,000 tuition, which he must

otherwise pay entirely by himself. The Division of Employment and Training denied the request because the tuition exceeded the maximum TAA payment and because 20 C.F.R. 617.22(h) forbids approval of training for which the worker is required to pay tuition. The referee and Panel upheld the denial.

### I.

■ We first reject the Division's argument that the issue of the constitutionality of the statutes and regulations is not properly before us. This court has authority to decide constitutional issues in proceedings to review orders of the Industrial Claim Appeals Office. *Industrial Commission v. Board of County Commissioners,* 690 P.2d 839 (Colo.1984).

■ *Kinterknecht v. Industrial Commission,* 175 Colo. 60, 485 P.2d 721 (1971) and *Stuart–James Co. v. Division of Employment & Training,* —— P.2d —— (Colo. App. No. 90CA0430, March 14, 1991) do not hold that all constitutional challenges to the statutes under which hearing officers and the Panel operate must be brought in state district court. They hold only that constitutional issues whose resolution requires the presentation of evidence must be brought in district court.

An appellate court is the appropriate forum when presentation of evidence is unnecessary. *See Anaya v. Industrial Commission,* 182 Colo. 244, 512 P.2d 625 (1973). Here, there were no essential facts in dispute, and evidence is not required to determine whether the challenged classification denies equal protection.

We note that *International Union v. Brock,* 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986), on which the Division relies, holds only that challenges to the constitutionality of the regulations governing TAA funds *may* be brought in federal district court. It does not hold that such challenges cannot be brought in state court.

■ State and federal courts have concurrent jurisdiction over federal questions unless Congress affirmatively gives exclusive jurisdiction to the federal courts. *Tafflin v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). The federal courts are not affirmatively given exclusive jurisdiction over constitutional challenges to the regulations governing TAA funds. *See* 19 U.S.C. § 2311(d) (1988).

### II.

Claimant contends that, by denying all funds for training for which the worker would be required to pay part of the tuition, 19 U.S.C. § 2296(a) and 20 C.F.R. 617.-22(h) create an arbitrary and irrational classification that denies equal protection. We disagree.

■ The constitutional guarantee of equal protection assures that all similarly situated persons shall be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *People v. Fuller,* 791 P.2d 702 (Colo.1990).

The threshold inquiry in an equal protection analysis is whether persons who are similarly situated are subjected to disparate treatment by a governmental act. *People in Interest of C.B.,* 740 P.2d 11 (Colo. 1987); *Board of County Commissioners v. Flickinger,* 687 P.2d 975 (Colo.1984). Thus, to raise an equal protection challenge, a party must first demonstrate that the law classifies persons in some manner. *People in Interest of C.B., supra.*

■ The provisions of 19 U.S.C. § 2296(a) and 20 C.F.R. 617.22(h), forbidding the use of TAA funds for training for which a worker is required to pay a fee or tuition, do not establish classes of persons and subject them to disparate treatment. The restriction applies to all workers eligible for TAA funds. No eligible worker can obtain any TAA funds for a training program for which he or she would be required to pay tuition. Although the restriction has a harsh effect on claimant, it applies to all workers eligible for TAA funds. Therefore, the statute and regulation do not deny equal protection. *See Stark v. Zimmerman,* 638 P.2d 843 (Colo.App.1981).

Furthermore, even if we were to assume that the statute and regulation do establish a classification that raises an equal protection issue, we would conclude that the classification is not unconstitutional.

■ The constitutionality of governmental classifications is presumed, and a party challenging them bears the heavy burden of proving their unconstitutionality. *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988); *Orsinger Outdoor Advertising, Inc. v. Department of Highways*, 752 P.2d 55 (Colo.1988). Economic and social welfare legislation is subject to only limited judicial review for constitutionality. *See Kadrmas v. Dickinson Public Schools, supra; Colorado Society of Community & Institutional Psychologists, Inc. v. Lamm*, 741 P.2d 707 (Colo.1987).

■ A law that does not infringe on any fundamental right or create a "suspect class" satisfies the equal protection clause if it is rationally related to a legitimate governmental purpose. *Kadrmas v. Dickinson Public Schools, supra; Orsinger Outdoor Advertising, Inc. v. Department of Highways, supra.* Under that standard, a law is invalid only if it is "wholly irrelevant" to the achievement of the state's objective. *Kadrmas v. Dickinson Public Schools, supra.*

■ The statute and regulation here create no suspect class and do not infringe on any fundamental right. Accordingly, a rational basis analysis is appropriate. *See Industrial Commission v. Board of County Commissioners, supra. See also Idaho Department of Employment v. Smith*, 434 U.S. 100, 98 S.Ct. 327, 54 L.Ed.2d 324 (1977).

■ The presumption of constitutionality is particularly strong in the case of laws governing the distribution of monetary benefits. *See Schweiker v. Hogan*, 457 U.S. 569, 102 S.Ct. 2597, 73 L.Ed.2d 227 (1982); *Schweiker v. Wilson*, 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981); *Mathews v. De Castro*, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976).

■ Here, in our view, a rational basis does exist for the challenged statute and regulation. Thus, claimant has not sustained his burden to overcome the presumption, and there is no denial of equal protection.

Under 19 U.S.C. § 2296(a)(1)(F) (1988), training must be available "at a reasonable cost" to qualify for TAA funds. Funds are provided for training programs that do not exceed the maximum TAA payment. They are not provided for more expensive programs if the workers would be required to pay tuition or fees that exceed the maximum payment. Denying funds for training (for which the worker would be required to pay part of the tuition because it exceeds the maximum TAA payment) is not wholly irrelevant to the legislative goal of providing funds for training that is available at reasonable cost.

■ Although workers who obtain money from other sources to pay tuition that exceeds the maximum payment may be entitled to TAA funds, these classifications are not unconstitutional merely because they are imperfect or result in some inequality. *Schweiker v. Wilson, supra; Parrish v. Lamm*, 758 P.2d 1356 (Colo. 1988). The mere failure of a governmental regulation to allow all possible and reasonable exceptions does not constitute a denial of equal protection. *See Colorado Society of Community & Institutional Psychologists, Inc. v. Lamm, supra. See also English v. ICAO*, 764 P.2d 386 (Colo.App.1988).

### III.

Claimant also contends that the Panel erred in requiring a transcript of the hearing before the referee. He argues that under § 24-4-105(15)(a), C.R.S. (1988 Repl. Vol. 10A) of the State Administrative Procedure Act, a transcript was not required because he raised only issues of law in his appeal to the Panel. Thus, he contends he should not have been required to pay for the transcript in order to perfect his appeal. We do not agree.

■ Section 24-4-105(15)(a) of the State Administrative Procedure Act provides that

a transcript is not required for an administrative appeal when the agency's review is limited to questions of law. However, the State Administrative Procedure Act does not apply when it conflicts with a specific statute relating to a specific agency. *See* § 24–4–107, C.R.S. (1988 Repl.Vol. 10A); *Federico v. Brannan Sand & Gravel Co.*, 788 P.2d 1268 (Colo.1990); *Clark v. Colorado State University*, 762 P.2d 698 (Colo. App.1988).

Such is the case here. Appeals of orders of the Division of Employment and Training are governed by §§ 8–74–101 through 8–74–110, C.R.S. (1986 Repl.Vol. 3B).

And, unlike § 24–4–105(15)(a) of the State Administrative Procedure Act, §§ 8–74–104(1) and 8–74–106(1)(f)(V), C.R.S. (1986 Repl.Vol. 3B), and Department of Labor and Employment Regulation No. 11.-2.15, 7 Code Colo.Reg. 1101–2, contain no provisions which would authorize an appeal absent a transcript, even for questions of law. Accordingly, the Panel did not err in requiring a transcript.

The order is affirmed.

HUME and ROTHENBERG, JJ., concur.