Frank T. ALFARO, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO
and Vari–L Company, Inc., Respondents.

No. 03CA0165.

Colorado Court of Appeals,
Div. V.

Aug. 28, 2003.

Ewing & Ewing, P.C., Mary Ewing, Lisa
R. Sahli, Englewood, Colorado, for Petition-
er.

Ken Salazar, Attorney General, Y.E. Scott,
Assistant Attorney General, Denver, Colora-
do, for Respondent Industrial Claim Appeals
Office.

No Appearance for Respondent, Vari–L
Company, Inc.

Opinion by Judge VOGT.

Petitioner, Frank T. Alfaro (claimant),
seeks review of a final order of the Industrial
Claim Appeals Office (Panel) that affirmed a
hearing officer's decision disqualifying him
from receiving unemployment benefits. We

set aside the Panel's order and remand with directions.

## I.

Claimant was separated from his employment as a design engineer for Vari–L Company, Inc. (employer). Initially, a deputy determined that claimant was disqualified from receiving benefits because of insubordination. Claimant appealed the deputy's decision. Following a hearing, the hearing officer determined that claimant was not at fault for the separation and was entitled to an award of benefits.

Employer then sought review of the hearing officer's decision. Upon receiving employer's appeal, the Panel issued a "Notice of Transcript," in which it noted that a portion of the hearing had not been recorded and was, therefore, not included in the transcript. It directed the parties to review the transcript, determine whether they considered it sufficient, and submit written objections by a specified date. The notice stated that, if no objections were received, the Panel would assume the transcript was satisfactory to the parties.

The parties did not object and proceeded to file briefs addressing the merits of the appeal. However, the Panel subsequently issued an order determining that the existing transcript, which did not include any of claimant's testimony, was inadequate to permit review of employer's contentions. The Panel vacated the hearing officer's decision and remanded the matter for an additional hearing. Its order stated: "At that hearing, the parties may present any relevant evidence, but it is not necessary to repeat evidence that has already been transcribed and is reflected in the record. The hearing officer shall then issue a new decision based on the entire record."

On remand, the parties participated in a supplemental hearing conducted by a different hearing officer. The hearing officer clarified at the outset that, in accordance with the Panel's order, witnesses who had not testified at the first hearing would now be allowed to testify. Employer then presented testimony by a witness who had not previously testified, a witness who had previously testified but whose testimony was not recorded or transcribed, and a witness whose testimony at the first hearing had been recorded and transcribed. Claimant testified on his own behalf.

The second hearing officer concluded, "after having reviewed the entire record in this case," that claimant had deliberately disobeyed employer's reasonable instructions and that employer had discharged claimant for insubordination. Thus, claimant was disqualified from receiving unemployment benefits pursuant to § 8–73–108(5)(e)(VI), C.R.S.2002.

Claimant appealed the second hearing officer's decision, and the Panel affirmed.

## II.

■ Claimant contends that at the Panel exceeded its authority by vacating the decision of the first hearing officer and allowing the parties to present additional evidence at the supplemental hearing. We agree.

### A.

We acknowledge at the outset that, although claimant questioned employer's right to put on a new witness at the second hearing and subsequently argued to the Panel that the purpose of the second hearing was only to record the part of the original hearing that had not been recorded, he did not present to the Panel the specific legal arguments regarding its authority that he makes on appeal.

Although we generally decline to consider arguments not made to the Panel, see, e.g., Hart v. Indus. Claim Appeals Office, 914 P.2d 406 (Colo.App.1995), we elect to address claimant's contentions in this case. The procedure at issue here implicates the fundamental rights of both parties, see Allchurch v. Project Unicorn, Ltd., 33 Colo.App. 173, 516 P.2d 441 (1973)(procedure for dealing with insufficient record poses risk of either depriving original prevailing party of his victory or depriving losing party of right to a meaningful appeal), and claimant, who was proceeding pro se, made a reasonable attempt to raise the issue at and after the second hearing.

### B.

Section 8–74–104(2), C.R.S.2002, authorizes the Panel to affirm, modify, reverse, or set aside any decision of the hearing officer "on the basis of the evidence in the record previously submitted in the case." *See Voisinet v. Indus. Claim Appeals Office,* 757 P.2d 171, 172 (Colo.App.1988)(noting in dictum that 1986 amendment to § 8–74–104(2) "denied the Panel the right to take, or order the taking of, additional evidence").

Section 8–74–104(4), C.R.S.2002, gives the Panel "the power to issue such procedural orders as may be necessary to carry out its appellate review under [§ 8–74–104(2) ]."

Entering a procedural order to attempt to remedy an insufficient record is well within the Panel's authority under § 8–74–104(4). *See Movitz v. Div. of Employment & Training,* 820 P.2d 1153 (Colo.App.1991)(transcript is required for appeals to Panel under § 8–74–101, et seq., C.R.S.2002); *cf. Goodwill Industries v. Indus. Claim Appeals Office,* 862 P.2d 1042 (Colo.App.1993)(remand not required where transcript was defective, but was sufficient to permit review). Further, given the deficiencies in the transcript here, the Panel had ample basis for concluding that, even though no party had objected, the transcript was insufficient to permit meaningful review.

We do not agree with claimant that § 24–4–105(15)(b), C.R.S.2002, requires a contrary construction of § 8–74–104(4). Although § 24–4–105(15)(b) precludes an agency from setting aside a hearing officer's findings if those findings are not contrary to the weight of the evidence, the agency—in this case, the Panel—has no way of determining whether the findings are contrary to the evidence if the evidence is not available for its review.

However, we are aware of no authority that would permit the Panel to include, in its order, a provision allowing the presentation of new evidence that was not presented to the hearing officer whose decision is being appealed. Such a provision is contrary to the requirement of § 8–74–104(2) that the Panel review the hearing officer's decision "on the basis of the evidence in the record previously submitted in the case."

Claimant suggests that, by analogy to the procedure followed in civil appeals, the Panel's proper course was to remand for the limited purpose of reconstructing the record. *See* C.A.R. 10 (prescribing methods for reconstructing record on appeal if transcripts are unavailable); *Allchurch v. Project Unicorn, Ltd., supra.*

We agree that this procedure may be appropriate in many cases, and it does not appear that the parties were given the opportunity to attempt such reconstruction here, either with or without the participation of the first hearing officer. Further, while it would seem preferable to have the original hearing officer conduct any hearing that may be necessary to reconstruct the original record, the record does not indicate whether that was an available option in this case.

█ We recognize the Panel's authority to enter procedural orders that will enable it to carry out its appellate function, and we defer to its expertise in deciding initially how to exercise that authority. We decline to hold that the Panel must apply the procedures in the civil and appellate rules, which do not apply to review of unemployment compensation orders, *see Huddy v. Indus. Claim Appeals Office,* 894 P.2d 60 (Colo.App. 1995), and we do not otherwise dictate specific procedures that must be followed in every case. However, in light of the statutory requirement that the Panel decide appeals based on the existing record, we conclude that the procedural order entered here exceeded the Panel's authority and that its final order arising out of that procedural order must therefore be set aside. *See* § 8–74–107(6)(a), C.R.S.2002.

### C.

█ In light of our resolution of this issue, we do not address claimant's additional challenges to the Panel's orders. We do, however, deny his request that he be allowed to present additional evidence on remand to support his racial discrimination claim. He was permitted to offer documentary evidence bearing on that issue at the first hearing. Permitting him to introduce further evidence would infringe on employer's right, under

§ 8–74–104(2), to have the first hearing officer's decision reviewed based on the evidence previously submitted.

The Panel's order is set aside, and the case is remanded with directions to the Panel to review and decide employer's appeal of the first hearing officer's decision on the basis of the evidence in the record before that hearing officer. The Panel may enter such procedural orders as may be necessary to enable it to carry out its review, but it may not authorize the taking of additional evidence beyond what was before the first hearing officer.

Judge ROTHENBERG and Judge CARPARELLI concur.