436 So.2d 1011 (1983)
Joan Forsyth WILLIS, Shirley L. Hammond and Everard L. Hammond, Appellants,
v.
Clay L. STRICKLAND, et al., Appellee.
No. 83-52.
District Court of Appeal of Florida, Fifth District.
August 4, 1983.
Rehearing Denied September 6, 1983.
*1012 Anderson E. Hatfield, Gainesville, for appellants.
John F. Bennett of Fishback, Davis, Dominick & Bennett, Orlando, for appellee.
COWART, Judge.
This case involves an interpretation of section 768.125, Florida Statutes (1981), which provides in part:
[A] person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age ... may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
In their second amended complaint seeking compensatory and punitive damages appellants allege they were injured as a result of an automobile accident caused by the intoxication of one Clay L. Strickland, a person not of lawful drinking age, to whom employees of ABC Liquors, Inc. (ABC) willfully and unlawfully sold alcoholic beverages. This is an appeal from a summary judgment in favor of ABC.
On the motion for summary judgment the trial court considered various evidentiary matters (affidavits and depositions). While this evidence is not in conflict, the parties differ in their interpretation of the word "willfully" in the above statute.
The evidentiary material before the trial court indicates that at the relevant time Clay was sixteen years of age and had the appearance, speech and mannerism of a sixteen year old and that without inquiring or checking identification as to his age two employees of ABC sold and furnished Clay beverages which caused him to become intoxicated.
ABC argues that a "willful" sale under the statute requires more than mere neglect on the part of an employee to check the age of a customer and that it requires proof of an intentional sale or service of alcoholic beverages made with actual knowledge that the age of the person being served is under the lawful drinking age.
A "willful" sale or furnishing of alcoholic beverages to a person not of lawful drinking age does require knowledge that the recipient is not of lawful drinking age. However such inculpatory knowledge of the age of a particular person may be proved by direct evidence of actual knowledge or such knowledge may be established by circumstantial evidence. Circumstantial evidence of such knowledge may consist of facts relating to the apparent age of a person. The appearance of a person alone can impart knowledge of his or her age within certain ranges and to certain degrees of certainty. Whether it does or not in a *1013 particular instance, and to what extent, would normally be a question of fact for the jury to determine. The circumstantial evidence in this case, consisting of facts relating to Clay's appearance as being that of a person who is not of lawful drinking age, is sufficient to create a genuine issue as to the material fact of ABC's knowledge of Clay's age and to preclude a summary judgment as to that issue.
Because the complaint failed to allege fault on the part of ABC independent of fault of its employees in serving alcoholic beverages to Clay (for which ABC is vicariously liable), we affirm the order striking the claim against ABC for punitive damages. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981).
The summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
DAUKSCH and SHARP, JJ., concur.