RUTH E. LANGEMANN *vs*. MARGARET DAVIS.

Barnstable. April 8, 1986. — August 6, 1986.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence*, Consumption of alcoholic liquors by minor guest. *Alcoholic Liquors*, Liability of host, Motor vehicle.

A defendant was not liable for a plaintiff's injuries sustained in a motor vehicle accident caused by the negligence of a minor who had consumed beer furnished by another guest at a party given, with the defendant's permission, by the defendant's daughter, while the defendant was not at home. [167-169]

CIVIL ACTION commenced in the Superior Court Department on May 29, 1984.

A motion for summary judgment was heard by *Francis W. Keating, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Ronald M. Davids* (*Richard P. Campbell* with him) for the plaintiff.

*Philip E. Murray, Jr.* (*Steven R. Kruczynski* with him) for the defendant.

*Annette M. Gonthier & Walter A. Costello, Jr.*, for Massachusetts Academy of Trial Attorneys & others, amici curiae, submitted a brief.

WILKINS, J. The plaintiff was injured early on January 8, 1983, in a motor vehicle accident caused by the negligence of one Darren R. Hathaway. Hathaway was then an eleventh grade student at Harwich High School and not yet eighteen years old. Prior to the accident he had been drinking beer at a party given by the defendant Davis's daughter. Although she was not home that evening, Davis had given her daughter, also a high school student, permission to hold the party. Davis had never kept alcoholic beverages on the premises and did

not permit her daughter to drink alcoholic beverages, and there were none on the premises when Davis left prior to the party. She saw no one consuming alcoholic beverages at her home that night. Hathaway obtained the beer from another guest. To his girl friend, Hathaway did not seem to be at all drunk when they left the party. No other record evidence indicates the degree of Hathaway's intoxication either at the Davis home or at the time of the accident.

The plaintiff appeals from the allowance of Davis's motion for summary judgment. She argues that, because Davis knew or reasonably should have known that alcoholic beverages would be available, Davis could be found to have been negligent in failing to supervise her daughter's party. The plaintiff proposes a form of social host liability for the injuries she sustained due to the negligence of Davis's minor guest, who had been drinking alcoholic beverages in her home.[1]

We considered social host liability in *McGuiggan* v. *New England Tel. & Tel. Co., ante* 152 (1986), a case involving an adult guest for whom the social host provided the alcoholic beverages. Here, however, we are concerned with a minor guest who consumed beer furnished by another guest in the defendant's absence. As to an adult guest, the court recognized that liability would result if the guest was obviously intoxicated when the social host provided him a drink. *Id.* at 162. Some courts have considered unimportant the question of minors' intoxication at the time the social host provided an alcoholic drink. In their view, the furnishing of alcoholic beverages to a minor who later becomes intoxicated and drives negligently causing injury is sufficient to create liability. See, e.g., *Brattain* v. *Herron*, 159 Ind. App. 663, 674 (1974) (statutory violation, negligence per se); *Longstreth* v. *Gensel*, 423 Mich. 675, 692 (1985) (statutory violation is prima facie evidence of negligence); *Koback* v. *Crook*, 123 Wis. 2d 259, 266 (1985) (negligence per se for statutory violation). See also *Wiener* v. *Gamma Phi Chapter of Alpha Tau Omega Fraternity,*

---

[1] On January 8, 1983, the legal drinking age was twenty. See G. L. c. 138, § 34, as amended through St. 1979, c. 15, § 6.

258 Or. 632, 643 (1971) (common law negligence but no liability for statutory violation). In the case of commercial vendors of alcoholic beverages, we have said that civil liability depends not on a showing that a minor was intoxicated at the time of the sale, but only on the fact of a sale to one who the vendor knew or reasonably should have known was a minor. See *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 390 Mass. 6, 10 (1983). We have never decided, however, whether a social host who gives an alcoholic drink to a minor, not his child, violates the prohibition of G. L. c. 138, § 34 (1984 ed.), against the "delivery of any alcoholic beverages or alcohol to" an underage person.

In considering the plaintiff's appeal from the allowance of the defendant's summary judgment motion, we accept that the defendant, as alleged in the complaint, knew or reasonably should have known that alcoholic beverages would be brought to the party and would be available to minor guests. The rule 56 evidentiary materials do not show that there is no dispute of material fact as to whether the defendant knew or should have known that alcoholic beverages might be consumed by minor guests at her home.

The facts of this case do not approach those of cases in which social host liability has been recognized. See *McGuiggan* v. *New England Tel. & Tel. Co., supra* at 158-160. The defendant did not serve or make available any alcoholic beverage to Hathaway. She provided the premises in which Hathaway drank beer furnished by another.[2] We reject the argument that a parent, who neither provides alcoholic beverages nor makes them available, owes a duty to travelers on the highways to supervise a party given by her minor child. We reach this conclusion even if Davis knew or reasonably should have known that alcoholic beverages would be available. The de-

---

[2] If Hathaway's negligent driving was caused by his intoxication, whoever may have provided Hathaway with the beer might be liable to the plaintiff. That person may have violated G. L. c. 138, § 34, in giving Hathaway beer. A violation of § 34 could be evidence of negligence supporting a civil action against the provider of the beer. *Michnik-Zilberman* v. *Gordon's Liquor, Inc., supra.*

fendant's conduct did not create a risk of injury to the plaintiff for which we are prepared to say the common law should provide a remedy.

*Judgment affirmed.*