Jennifer FORREST, Plaintiff–Appellant,

v.

Tracy LORRIGAN and Marlene Lorrigan, Defendants– Appellees.

No. 91CA0788.

Colorado Court of Appeals, Div. A.

May 21, 1992.

As Modified on Denial of Rehearing June 18, 1992.

Salmon, Godsman & Nicholson, P.C., William P. Godsman, Englewood, for plaintiff-appellant.

Mattlage, Lettunich & Vanderbloemen, John A. Vanderbloemen, Steamboat Springs, for defendants-appellees.

Opinion by Chief Judge STERNBERG.

The plaintiff, Jennifer Forrest, was a guest at a party held at the home of defendants, Marlene and Tracy Lorrigan. She was injured in an automobile accident caused by the negligence of a driver who was under twenty-one years old and who, prior to the accident, became intoxicated at the party. The plaintiff appeals a summary judgment in favor of the defendants in which the court found the defendants were not liable under Colorado's social host liability statutes. We affirm.

Marlene Lorrigan and her eighteen-year-old daughter, Tracy, purchased a new home, and before they moved into it, Tracy hosted a party at which alcohol was consumed by underage persons. Her mother was aware of the party and knew that drinking would take place when she gave Tracy permission to use the home. However, there was no evidence that either of the defendants purchased the alcohol or served it to the guests. The plaintiff, who had not been drinking, left the party as a passenger in an automobile being driven by another guest who had become intoxicated at the party. The vehicle was involved in an automobile accident caused by the negligence of the driver. The plaintiff was seriously injured and brought this suit against the defendants on a theory of social host liability.

The district court granted summary judgment, finding that the defendants were not liable because they did not actively participate in purchasing, furnishing, serving, or providing alcohol to the driver. It rejected the plaintiff's contention that, even though they did not physically purchase or serve the alcohol, they violated the statutory prohibition against willfully and knowingly serving a minor by providing a place for them to drink alcohol. We agree with the district court.

## I.

Section 12–46–112.5, C.R.S. (1991 Repl. Vol. 5B) addresses civil liability for the sale, service, or provision of fermented malt beverages to intoxicated persons or persons under the age of twenty-one. Section 12–47–128.5, C.R.S. (1991 Repl.Vol. 5B), which deals with alcoholic beverages, contains essentially the same language.

These statutes, adopted in 1986, provide that a social host is not liable for injury to a third person because of the intoxication of a guest except when it is proven that the social host "willfully and knowingly served" alcohol to a guest who was under the age of twenty-one years.

The legislative declaration of these statutes evidences the General Assembly's intent that, under most circumstances involving injury caused by an intoxicated person, neither a vendor nor a social host will incur civil liability and that generally it is "the consumption of alcoholic beverages ... rather than the sale, service, or provision thereof" which is the "proximate cause of injuries or damages inflicted upon another by an intoxicated person...."

The supreme court construed these statutes in *Charlton v. Kimata*, 815 P.2d 946 (Colo.1991), and upheld as constitutional the provisions of the statutes distinguishing between serving minors and serving visibly intoxicated guests in assigning social host liability. The court, however, did not address the definition of the term "willfully and knowingly served." Thus, it did not address the contention of the plaintiff raised here that "willfully and knowingly" should be interpreted broadly to cover the situation in which a place to drink alcohol is provided by the alleged tortfeasor.

Courts in other jurisdictions, addressing this issue under statutes adopting the common law theory of vendor liability, have not adopted the broad interpretation urged by plaintiff. Although they have recognized that "serving" does not necessarily require an actual physical transfer, *see State v. Bush*, 93 Idaho 538, 466 P.2d 578 (1970), something more than providing a place where alcohol could be consumed is required.

The reasoning of these courts applies equally to our statutes which define the strict conditions under which a social host may be liable. Thus, in *Martin v. Watts*, 508 So.2d 1136 (Ala.1987), a parent

who permitted the use of his cabin and who was present when beer was served to teen-aged boys was found not liable for injuries suffered by a third person whose car was struck by an intoxicated teenaged guest. Although the statute gave a civil remedy to a third party against any person who, contrary to law, provided alcohol causing the intoxication of the wrongdoer, the court found that the father neither purchased nor served the beer and that, consequently, he was not a "provider."

Similarly, in *Christensen v. Parrish*, 82 Mich.App. 409, 266 N.W.2d 826 (1978), the court granted summary judgment to a defendant who was present when teenagers were served alcohol in his home, but who neither purchased nor served it himself. The court held that the violation of a statute proscribing the knowing furnishing of alcohol to minors created a prima facie case of negligence giving rise to a civil action, but it concluded that the term knowing required "control over or an active part in supplying a minor with alcohol." *See also Langemann v. Davis*, 398 Mass. 166, 495 N.E.2d 847 (1986) (no duty to supervise party given by child when parent neither served drinks nor made them available, but merely provided premises in which under-aged driver drank); *Reinert v. Dolezel*, 147 Mich.App. 149, 383 N.W.2d 148 (1985) (when underaged persons purchased alcohol elsewhere and merely consumed it in defendant's home, no cause of action arises for violation of statute prohibiting furnishing liquor to persons under twenty-one).

■ The plaintiff also argues that there was deposition testimony which could support the conclusion that, prior to the party, Tracy Lorrigan helped collect money to be used to purchase beer and that such testimony could permit a jury to find that she thereby incurred social host liability. We agree with the trial court's conclusion that nothing in the deposition raised a fact issue.

Furthermore, in *Bennett v. Letterly*, 74 Cal.App.3d 901, 141 Cal.Rptr. 682 (1977), the court concluded that, even when a minor host contributed money to a fund to purchase alcohol, absent evidence that he bought or exercised control over it, he could not be found to have "furnished" alcohol in violation of the statute, because furnishing implied "affirmative action" on the part of the defendant. We adopt this rationale.

■ We agree with the trial court's conclusion that, as a matter of law, the defendants' acts were not sufficient to constitute willful and knowing service to minors. Accordingly, we hold that the statutory requirement of willfully and knowingly serving is met only when a social host has control over or takes an active part in supplying a minor with alcohol, and that providing a home at which alcohol is consumed by minors, without more, does not create liability under our statutes.

## II.

■ The plaintiff argues alternatively that the defendants are liable under a theory of negligent entrustment of the house to the minors. The plaintiff's complaint alleged that:

Defendants were negligent by wilfully and knowingly serving alcoholic beverages to Travis Pogline and providing a place for Travis Pogline to consume alcoholic beverages at the home of Defendants. . . .

It then asserts that "the above-described actions of Defendants constitute negligence *per se* in that they violated the provisions of C.R.S. § 12–46–112 and § 12–47–128." The pleading does not raise the issue of negligent entrustment, and plaintiff made no argument to the trial court based upon that theory. Consequently, she may not raise the issue for the first time on appeal. *First National Bank v. Union Tavern Corp.*, 794 P.2d 261 (Colo.App. 1990).

Judgment affirmed.

NEY and RULAND, JJ., concur.