Kraeg **DICKMAN**, Plaintiff–Appellant,

v.

**JACKALOPE, INC.**, a Colorado corporation, Defendant–Appellee.

No. 93CA0220.

Colorado Court of Appeals, Div. C.

Feb. 24, 1994.

Norton Frickey and Associates, P.C., Judd Golden, Dan W. Corson, Lakewood, for plaintiff-appellant.

Hall & Evans, Bruce A. Menk, Gregory M. Cornell, Denver, for defendant-appellee.

Opinion by Judge KAPELKE.

In this action to recover damages for injuries sustained in a car accident, plaintiff, Kraeg Dickman, appeals from a summary judgment entered in favor of defendant, Jackalope, Inc. (Jackalope). We affirm.

On March 4, 1991, Samantha L. Hunt and Dickman were drinking alcoholic beverages at a bar owned by Jackalope. At that time, Hunt was under 21 years of age. However, neither Hunt nor Dickman was checked for identification while at the bar, and, according to unrefuted deposition testimony, both the Jackalope employees and Dickman himself believed Hunt to be over 21 years old.

Later that evening, Hunt drove from the bar with Dickman as a passenger. She lost control of the car, causing an accident in which Dickman suffered injuries. Hunt was cited for driving under the influence of alcohol.

As a result of the accident, Dickman brought this action against both Jackalope and Hunt. Dickman and Hunt reached a settlement, and on Jackalope's motion, the trial court entered the summary judgment for Jackalope that is at issue here.

Applying § 12–47–128.5, C.R.S. (1991 Repl. Vol. 5B), the trial court found in its summary judgment order that Dickman had not presented any evidence that Jackalope had "willfully and knowingly" served alcohol to Hunt with knowledge that she was under 21 years of age. Accordingly, it concluded that Dickman could not prevail on its claim against Jackalope.

## I.

Dickman contends that the trial court misinterpreted § 12–47–128.5. According to Dickman, the plain language of § 12–47–128.5 does not require him to prove that Jackalope had actual knowledge that Hunt was a minor when it served her alcohol. Rather, he asserts that, under that statute, he is only required to prove that Jackalope "knowingly and willfully" served alcohol to Hunt. We disagree.

Section 12–47–128.5(3), C.R.S. (1991 Repl. Vol. 5B) provides:

(a) No licensee is civilly liable to any injured individual or his estate for any injury to such individual or damage to any property suffered because of the intoxication of any person due to the sale or service of any alcoholic beverage to such person, except when:

(I) It is proven that the *licensee willfully and knowingly sold or served any malt, vinous, or spirituous liquor to such person who was under the age of twenty-one years* or who was visibly intoxicated.... (emphasis added)

Contrary to plaintiff's contention, we conclude that under the plain language of this statute a licensee may be held civilly liable only if the licensee knows that he or she is serving alcohol to a person under 21 years of age and willfully does so.

The terms "willfully and knowingly" in § 12–47–128.5 apply both to the words "sold or served" and to the phrase "to such person who was under the age of twenty-one years." A different interpretation would render the "willful and knowing" language meaningless since it is difficult to imagine any sales or service of alcohol by a licensee which are not deliberate. *See Charlton v. Kimata*, 815 P.2d 946 (Colo.1991) (statute should be construed, if possible, to every word therein).

The rule of construction governing culpability requirements of criminal statutes provides a useful analogy: "When a statute defining an offense prescribes as an element thereof a specified culpable mental state, that mental state is deemed to apply to every element of the offense unless an intent to limit its application clearly appears." Section 18–1–503(4), C.R.S. (1991 Repl.Vol. 8B); *see also People v. Trevino*, 826 P.2d 399 (Colo.App.1991) (requisite mental state of "knowingly" applies to every element of the offense of contributing to delinquency of minor, including element of age).

It is also significant to note the distinctions between the language of § 12–47–128.5,

which governs civil liability for sales of alcoholic beverages to persons under 21 years of age, and § 12–47–128(5)(a)(I), C.R.S. (1991 Repl.Vol. 5B), which determines the lawfulness of such sales.

First, under § 12–47–128(5)(a)(I), it is unlawful to sell alcohol to a person under 21 years of age, and there is no "willful and knowing" requirement. Section 12–47–128.5 adds a "willful and knowing" requirement, however, thus limiting a licensee's civil liability to cases in which it willfully and knowingly sells alcohol to a minor.

Second, § 12–47–128(5)(a)(I) provides that: "If a person who, in fact, is not twenty-one years of age exhibits a fraudulent proof of age, any action relying on such fraudulent proof of age shall not constitute grounds for the revocation or suspension of any license issued under this article." In contrast, the civil liability section does not include such a good-faith defense.

The addition of the words "willfully and knowingly" to the statute relating to imposition of civil liability, together with the fact that the civil liability section does not include the good-faith defense contained in § 12–47–128(5)(a)(I), buttresses our conclusion that the General Assembly did not intend that this be a strict liability provision, but rather one requiring a plaintiff to prove knowledge and intention on the part of the vendor. This distinction was pointed out by our supreme court in *Charlton v. Kimata, supra,* (fn. 7).

Our conclusion that the modifiers "willfully and knowingly" in § 12–47–128.5(3)(a)(I) apply to the phrase "to such person who was under the age of twenty-one years" of age as well as to the phrase "sold or serve" is supported by a Florida decision interpreting a similarly worded Florida statute. *See Willis v. Strickland,* 436 So.2d 1011 (Fla.Dist.Ct. App.1983), *pet. for rev. denied sub. nom. ABC Liquors, Inc. v. Willis,* 446 So.2d 99 (Fla.1984) ("willful" sale or furnishing of alcoholic beverages to a minor requires knowledge that the recipient is not of lawful drinking age).

A vendor may be held civilly liable only if the vendor knows that he or she is serving alcohol to a person under 21 years of age and willfully does so. Here, Dickman failed to adduce any evidence that Jackalope's employees had such knowledge. Accordingly, we conclude that the trial court properly ruled that Jackalope was not liable to Dickman because Jackalope did not, through its employees, have actual knowledge that Hunt was under 21 years of age.

We further conclude that there was no genuine issue as to any material fact, and therefore, the trial court properly granted Jackalope's motion for summary judgment. *See* C.R.C.P. 56; *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

## II.

Dickman finally contends that the trial court's interpretation of § 12–47–128.5, which we adopt here, is contrary to public policy because it allows vendors of alcohol to be immune from civil liability simply because they are unaware of a patron's age. According to Dickman, this determination encourages a vendor to forgo checking a patron's identification in order to avoid potential civil liability for injuries that might result from the patron's intoxication. Dickman asserts that this is not the result intended by the General Assembly when it enacted legislation allowing civil liability against licensees. We perceive no public policy conflict in our interpretation of the statute.

The primary objective in interpreting a statute is to determine the intent of the General Assembly from the language used and to give effect to that intent. *Charlton v. Kimata, supra; American Respiratory Care Services v. Manager of Revenue,* 835 P.2d 623 (Colo.App.1992).

In § 12–47–128.5(1), the General Assembly clearly expressed its intent that the statute "be interpreted so that any common law cause of action against a vendor of alcoholic beverages is abolished" except in two limited circumstances, one of which is the willful and

knowing sale of alcohol to a minor. Thus, since the passage of § 12–47–128.5, the civil liability of alcohol vendors "has been strictly a creature of statute in Colorado." *Charlton v. Kimata, supra,* 815 P.2d at 948–49.

In *Forrest v. Lorrigan,* 833 P.2d 873 (Colo. App.1992), a panel of this court discussed the legislative intent underlying § 12–47–128.5 and the social host statute, § 12–46–112.5, C.R.S. (1991 Repl.Vol. 5B), both of which contain similar language. The panel found that the General Assembly intended that "under most circumstances involving injury caused by an intoxicated person, neither a vendor nor a social host will incur civil liability and that generally it is 'the consumption of alcoholic beverages rather than the sale, service, or provision thereof' which is the 'proximate cause of injuries or damages inflicted upon another by an intoxicated person.'" *Forrest v. Lorrigan, supra,* 833 P.2d at 874.

Only in certain confined circumstances may a vendor be held civilly liable for damages caused by an intoxicated person. Specifically, civil liability results when a vendor sells or serves alcoholic beverages to a patron who is visibly intoxicated or to a patron the vendor knows is under 21 years of age.

Under Dickman's interpretation of the statute, any vendor serving or selling alcohol to a minor would be essentially strictly liable for injuries suffered as a result of the minor's intoxication. Even a licensee who is deceived by a fraudulent proof of age would be exposed to civil liability under such an interpretation. As we discussed above, this construction is inconsistent with the General Assembly's intent in enacting § 12–47–128.5 and its selection of the words "willfully and knowingly".

Under these circumstances, therefore, we conclude that our interpretation of § 12–47–128.5 is not contrary to public policy.

The judgment is affirmed.

PIERCE and SMITH, JJ.,* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, § 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).