**James R. CHRISTOPH, as Guardian Ad Litem for Gustavo Aguero, a minor child; Juan Aguero; and Rosemary Mendez, Plaintiffs–Appellants and Cross–Appellees,**

v.

**COLORADO COMMUNICATIONS CORPORATION, a Colorado corporation d/b/a/ KBNO Radio, Inc.; The Robby Ferrufino Memorial Fund, a Colorado corporation; Zee C. Ferrufino; and Norma Olson Ferrufino, Defendants–Appellees and Cross–Appellants.**

No. 95CA1474.

Colorado Court of Appeals.
Div. I.

Feb. 20, 1997.

Rehearing Denied April 3, 1997.

Certiorari Denied Nov. 3, 1997.

Law Offices of Stuart A. Kritzer, Stuart A. Kritzer, Andrew D. Silverman, Denver, for Plaintiffs–Appellants and CrossAppellees.

James R. Florey, Jr., Gina Carter, Englewood, for Defendant–Appellee and Cross–Appellant KBNO Radio, Inc.

Holland & Hart, L.L.P., Steven W. Black, M. Teresa Fox, Denver, for Defendant–Appellee and Cross–Appellant Robby Ferrufino Memorial Fund.

Levy & Lambdin, P.C., Suzanne Lambdin, Stuart D. Morse, Englewood, for Defendants–Appellees and Cross–Appellants Zee C. Ferrufino and Norma Olson Ferrufino.

Opinion by Judge METZGER.

In this action concerning the death in an automobile accident of Michaela Vargas (decedent), plaintiffs, Juan Aguero, Rosemary Mendez, and Gustavo Aguero (through his

*guardian ad litem,* James Christoph), the decedent's children, sought to impose liability on defendants, Colorado Communications Corporation, a Colorado corporation doing business as KBNO Radio, Inc. (KBNO), the Robby Ferrufino Memorial Fund (the Fund), and Zee C. and Norma Olson Ferrufino (Ferrufinos). Plaintiffs appeal a summary judgment in favor of defendants and also appeal the trial court's award of defendants' costs. The Fund cross-appeals on the costs issue. We reverse and remand for further proceedings.

On August 21, 1993, Jose Vargas (Vargas), and plaintiff Gustavo Aguero, with others, attended a rodeo held at the Boulder County Fairgrounds.

The Fund had arranged with KBNO to operate all of the concession stands at the rodeo. In return for selling beer and soft drinks, the Fund was allowed to retain all sales proceeds. The Ferrufinos supervised the Fund volunteers who staffed the concession stands.

Plaintiffs allege that, from the time of the group's arrival at 4:30 p.m. until Vargas, decedent, and plaintiff Gustavo Aguero left at 8:30 p.m., Vargas drank at least 12 beers that he had purchased from the concession stand. Upon leaving the rodeo, Vargas drove his automobile in a reckless manner, causing it to leave the road, injuring Gustavo Aguero and fatally injuring decedent. At the time of the accident, Vargas' blood alcohol level was no less than .165 percent.

As a result of the accident, in June 1994, plaintiffs instituted this action to recover damages for their mother's death, alleging that defendants had violated §§ 12–46–112.5(3) and 12–47–128.5(3), C.R.S. (1991 Repl.Vol. 5B).

Section 12–47–128.5(3) provides:

(a) No licensee is civilly liable to any injured individual or his estate for any injury to such individual or damage to any property suffered because of the intoxication of any person due to the sale or service of any alcoholic beverage to such person, except when:

(I) It is proven that the licensee willfully and knowingly sold or served any malt, vinous, or spirituous liquor to such person ... who was visibly intoxicated....

Similarly, § ·12–46–112.5(3) states:

(a) No licensee is civilly liable to any injured individual or his estate for any injury to such an individual or damage to any property suffered because of the intoxication of any person due to the sale or service of any alcoholic beverage, including fermented malt beverages, to such person, except when:

(I) It is proven that the licensee willfully and knowingly sold or served any fermented malt beverage to such person ... who was visibly intoxicated....

Specifically, plaintiffs alleged that defendants had "willfully and knowingly" served alcohol to a "visibly intoxicated" Vargas, resulting ultimately in decedent's death.

Immediately before trial, the court reconsidered its previous denials of defendants' motions for summary judgment. Finding that plaintiffs had failed to present any direct evidence that defendants had "willfully and knowingly" served alcohol to a "visibly intoxicated" Vargas, the trial court then granted defendants' motions for summary judgment. This appeal followed.

Summary judgment is a drastic remedy and should only be granted upon a clear showing that there is no genuine issue of material fact. C.R.C.P. 56(c); *Smith v. Boyett,* 908 P.2d 508 (Colo.1995).

The moving party has the burden of establishing that no triable issue exists and all doubts should be resolved in favor of the non-moving party. In addition, the non-moving party is entitled to all favorable inferences that may be drawn from the facts. *Smith v. Boyett, supra.*

In determining whether there is an issue of material fact for the purposes of a summary judgment motion, an appellate court must resolve all doubts as to the existence of triable factual issues against the moving party and should give the party against whom the motion is asserted the benefit of all favorable inferences that may be drawn from the facts. *Gifford v. City of Colorado Springs,* 815 P.2d 1008 (Colo.App.1991).

## I.

Plaintiffs contend the trial court erred in holding that a showing of direct evidence was necessary to preclude summary judgment on the issue whether defendants "willfully and knowingly" sold alcohol to a "visibly intoxicated" Vargas. We agree.

Plaintiffs specifically contend the trial court erred in basing its dismissal of the claims against the Ferrufinos on *Dickman v. Jackalope, Inc.*, 870 P.2d 1261 (Colo.App. 1994). The trial court interpreted that case as standing for the proposition that, under the pertinent statutes, "willful and knowing" actions by a licensee can be proved only by direct evidence and not by circumstantial evidence and the inferences derived therefrom. We agree with plaintiffs that *Dickman* is not dispositive here.

In *Dickman,* an individual who was injured by an automobile driven by an intoxicated minor brought suit against a bar that had allegedly served alcohol to the tortfeasor. The trial court's grant of summary judgment in favor of the bar owner was sustained by this court on the basis that Dickman had not presented any evidence that Jackalope had "willfully and knowingly" served alcohol to the minor with the knowledge that she was under 21 years of age.

The facts of that case are distinguishable. There, the bar owner presented unrefuted deposition testimony that both the Jackalope employees and the plaintiff himself believed the minor to be over 21 years old. The evidence further showed that the plaintiff failed to adduce any evidence that Jackalope's employees had any knowledge that the individual whom they were serving was under 21. Hence, summary judgment was proper because no evidence (either direct or circumstantial) was presented by the plaintiff to raise a genuine issue of material fact concerning the "willfully and knowingly" elements of the statutes. However, such is not the case here.

Defendants have also relied on *Forrest v. Lorrigan,* 833 P.2d 873 (Colo.App.1992) where a claim was brought against a parent and daughter for providing alcohol to minors at a house party. It was alleged that the parent provided the house with knowledge that alcohol would be consumed at the party. It was further alleged that the daughter had collected funds for the purchase of alcohol but did not actually purchase or serve alcohol to fellow partygoers. A division of this court later found that the act of providing a place to drink alcohol and the collection of funds to purchase alcohol were not enough to bring the parent and daughter within the ambit of the statute so as to hold them responsible as "social hosts."

Again, as in the *Dickman* case, there were no disputed facts concerning the extent of the parent's or minor's involvement concerning the control and serving of alcohol at the party. Therefore, *Forrest* is distinguishable and its holding is not dispositive of the issue raised here.

Here, the plaintiffs produced evidence that Vargas arrived at the rodeo sober at approximately 4:30 p.m. and began consuming the same type of beer which the Fund was serving through its concessions. Plaintiffs also presented evidence that third parties had viewed individuals purchasing large quantities of beer and that other individuals were visibly intoxicated.

Plaintiff Gustavo Aguero testified at deposition that he was sitting with Vargas in the rodeo grandstand and saw Vargas leave empty handed and return with no fewer than six beers on one occasion and no fewer than four beers on another. Before making at least one of these trips, Vargas was visibly intoxicated—he was "loud and rowdy," had bloodshot eyes, and needed to hold onto the wall to walk. Aguero opined that Vargas' absences from the grandstand on both occasions were too brief for him to have left the fairgrounds and purchased the beer elsewhere.

In addition, Vargas made a statement to law enforcement officials shortly after the accident in which he admitted that he had purchased a 12–pack of beer while at the event.

These facts, and the reasonable inferences to be drawn from them, are sufficient to withstand a summary judgment motion. In reaching this conclusion, we are persuaded

by the reasoning and holdings in *Willis v. Strickland,* 436 So.2d 1011 (Fla.Dist.Ct.App. 1983) and *Sabo v. Shamrock Communications, Inc.,* 566 So.2d 267 (Fla.Dist.Ct.App. 1990).

In *Willis v. Strickland, supra,* an action was brought against a liquor vendor seeking redress for injuries resulting from an automobile accident caused by an intoxicated 16 year old. The trial court granted summary judgment in favor of the vendor who argued that a "willful" sale of alcohol to a minor required direct evidence of knowledge that the person was not of lawful drinking age. The appellate court disagreed, finding that such inculpatory knowledge of the age of a particular person may be proved either by direct evidence of actual knowledge, or by circumstantial evidence. The court ultimately determined that circumstantial evidence pertaining to the minor's appearance was sufficient to create a genuine issue of material fact concerning the vendor's knowledge of the minor's age and was sufficient to preclude summary judgment on the issue.

In *Sabo v. Shamrock Communications, Inc., supra,* the court was faced with the application of the same statute to the serving of an individual who was habitually addicted to alcoholic beverages. The defendant argued that under the applicable statute a plaintiff must allege and provide direct evidence that a bar's employees actually knew that the adult was habitually addicted to alcohol when he or she was served. The court concluded that such an interpretation of the statute would likely require that a customer outright declare that he or she was an alcoholic and would thereby render the statute essentially meaningless. Concluding that it would be more typical for an alcoholic or minor to deny the existence of a drinking problem or of underage status, the court determined that summary judgment cases should be reviewed for sufficient circumstantial evidence which could support a jury's determination that a vendor knew an individual was habitually addicted to alcohol.

Moreover, we note that circumstantial evidence is generally admissible in criminal trials and may be used to prove the *mens rea* of "knowingly." *See People v. Romero,* 179

Colo. 159, 499 P.2d 604 (1972); *People v. Perryman,* 859 P.2d 263 (Colo.App.1993).

■ We conclude that whether a licensee "willfully and knowingly" sold or served alcohol to a visibly intoxicated person is generally a question of fact which may be proved by either direct or circumstantial evidence. Here, there is sufficient circumstantial evidence to present genuine issues of material fact for resolution by a jury. Therefore, the summary judgment in favor of the Ferrufinos cannot stand.

## II.

Plaintiffs contend the trial court erred in dismissing their claims against KBNO and in finding a lack of evidence to support that defendant's involvement under §§ 12–46–112.5(3) and 12–47–128.5. We agree.

Plaintiffs argue that KBNO and certain of its employees had worked as the agent of the ultimate licensee, the Fund, and therefore, are liable as licensees under the statute for serving alcohol to Vargas while he was visibly intoxicated. While we agree with the defendants' contention and the trial court's conclusion that no evidence of a joint venture between KBNO and the Fund was presented, we disagree with the trial court that there was no genuine issue of material fact concerning whether KBNO had acted as an agent of the Fund during the time and at the event in question.

■ An agency relationship may exist even though the parties do not call it an agency and do not subjectively intend that legal consequences flow from the relation. What is critical is that the parties materially agree to enter into a particular relationship to which the law attaches the legal consequences of agency, even though those consequences might not have been contemplated by the parties at the time of their agreement. *Stortroen v. Beneficial Finance Co.,* 736 P.2d 391 (Colo.1987).

■ The existence of an agency relationship is ordinarily a question of fact. *Gorsich v. Double B Trading Co., Inc.,* 893 P.2d 1357 (Colo.App.1994).

■ Here, the Ferrufinos held authoritative positions as directors, owners, and/or officers of both KBNO and the Fund. It is unclear from the record which "hat" each Ferrufino was wearing when entering into contracts and agreements, securing permits for the event, and supervising the concessions on the day of the event. Therefore, a genuine issue of material fact remains as to whether an agency relationship existed between the Fund and KBNO and, if such relationship existed, to what extent KBNO, as agent for the Fund, was responsible for plaintiffs' damages. Hence, again, summary judgment was not appropriate.

## III.

Finally, plaintiffs contend the trial court erred in dismissing their claim against the Fund based on the charitable immunity doctrine.

■ In denying plaintiffs' claims, the trial court relied upon *Hemenway v. Presbyterian Hospital Ass'n of Colorado*, 161 Colo. 42, 419 P.2d 312 (1966), reasoning that, because it had found that there were no non-charitable assets held by the Fund which could satisfy a potential judgment, it was proper to dismiss the case before liability was established. We disagree with the trial court's interpretation.

In *Hemenway*, plaintiff and defendant had entered into stipulations setting forth that the defendant had no insurance to cover the potential claim and that it had no assets, other than protected charitable assets, to satisfy such claim. Based on these stipulations, the trial court found that any further litigation would be completely useless and dismissed the action. The supreme court affirmed, holding that a judgment obtained against a charitable hospital would improperly deplete its trust fund under the charitable immunity doctrine.

In our view, the *Hemenway* case is factually distinguishable. Here, there is no stipulation between the parties to this lawsuit as to whether a non-charitable asset is available to

satisfy any potential judgment, the most common being some type of insurance.

Additionally, we conclude a genuine issue of material fact exists concerning the issue of self-insurance as contemplated by the bylaws and articles of incorporation of the Fund. Therefore, the trial court erred in granting summary judgment.

## IV.

As to the trial court's award of costs to defendants, since the judgment of dismissal is being reversed, costs are not appropriate. *See Billington v. Yust*, 789 P.2d 196 (Colo. App.1989).

The summary judgment and order awarding costs are reversed and the cause is remanded for further proceedings.

ROY, J., concurs.

ERICKSON *, J., dissents.

Justice ERICKSON dissenting.

I respectfully dissent. There was no evidence that KBNO Radio, Inc., the concessionaire that sold beer at the rodeo, or any of its employees knowingly sold or dispensed beer to Jose Vargas with knowledge that he was visibly intoxicated.

Section 12–47–128.5(3), C.R.S. (1991 Repl. Vol. 5B) provides:

(a) No licensee is civilly liable to any injured individual or his estate for any injury to such individual or damage to any property suffered because of the intoxication of any person due to the sale or service of any alcoholic beverage to such person, except when:

(I) It is proven that the licensee willfully and knowingly sold or served any malt, vinous, or spirituous liquor to such person ... who was visibly intoxicated. . . .

There is no direct evidence of the sale, apart from Jose Vargas' statement that he purchased a 12–pack of beer. Further, there is no evidence that the concessionaire know-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

ingly sold beer to a visibly intoxicated Jose Vargas.

On this state of the record, the trial court entered summary judgment and a dismissal as to all defendants based on *Dickman v. Jackalope, Inc.,* 870 P.2d 1261 (Colo.App. 1994) and *Forrest v. Lorrigan,* 833 P.2d 873 (Colo.App.1992). *Dickman v. Jackalope* is squarely in point and supports the judgment entered.

In addition, the Robby Ferrufino Memorial Fund was dismissed under the charitable immunity doctrine set forth in *Hemenway v. Presbyterian Hospital Ass'n of Colorado,* 161 Colo. 42, 419 P.2d 312 (Colo.1966).

In my view, the facts in the record do not establish an issue of a material fact that would justify the vacation of the summary judgment dismissing all claims, and thus, that judgment should be affirmed.