Inge, Garry V., J.
Introduction
Before the court are motions for summary judgment filed on behalf of the defendants Kerri Lindmark and Ann Lindmark.[1] Each argues that, as a matter of law, they cannot be held liable for the injuries to the plaintiff, William Ryan, occurring during a party at the Lindmarks home. For the following reasons the Motion for Summary Judgment will be ALLOWED as to Ann Lindmark and DENIED as to Kerri Lindmark.
Background
On July 6, 2007, the defendant Ann Lindmark (“Arm”) and her daughter the defendant Kerri Lindm-ark (“Kerri”) were living at 12 Endleigh Avenue, Billerica, MA. On that day Kerri, who was over twenty-one years of age, had invited friends over for a get together. Ann, at the time, happened to be at her vacation home in Maine. Prior to departing she had removed from her Billerica home and taken to Maine with her some bottles of wine but had left behind a bottle of vodka.
Kerri had purchased either a six- or twelve-pack of beer for the party and informed her guests to bring their own alcohol. Among the invited guests was Kerri’s friend the defendant Kathleen Jones (“Jones”).
On the same evening as this get-together, the plaintiff, William Ryan (“Ryan”), along with some others, was having drinks at the home of Jennie Higgins (“Higgins”). As the evening progressed, Higgins received a call from Kerri inviting her to come to Kerri’s house. Higgins inquired if her guests, including Ryan, could come along as well to which Kerri agreed. Ryan drove himself and Higgins over to the Lindmark house arriving sometime after midnight.
Upon his arrival Ryan saw guests in the kitchen drinking beer and vodka and that some guests were adding “Klonopin” to their drinks. One such guest was the defendant Jones who Ryan observed take three shots of Klonopin-enhanced vodka. Kerri, who had retired sometime earlier, was awakened by the party noise and went into the kitchen. Guest, Steve DiPrimo, recalled seeing Kerri after midnight and observed that she appeared intoxicated.
Later, and for reasons not altogether clear from the record, Jones became upset with Ryan for a remark *156 he made to one of the women at the party. Jones began yelling at Ryan before striking him with a beer bottle injuring his left eye. As Ryan attempted to remove himself from the scene he was struck again, this time in the mouth shortly after the first blow. Ryan went on to have eye surgery at the Lahey Clinic and this action ensued.
Discussion
Summary judgment is granted when there is no genuine issue of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of showing that there is no triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). It may do this either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element. Flesner v. Technical Commc’n Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors, 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the burden shifts to the nonmoving party to respond by “set[ting] forth specific facts showing that there is a genuine issue for trial.” Mass.R.Civ.P. 56(e); Kourouvacilis, 410 Mass. at 716. In ruling on a motion for summary judgment brought by the defendants, the judge should view the facts in the light most favorable to the plaintiff. Coveney v. Presidents & Trustees of the College of the Holy Cross, 388 Mass. 16, 17 (1983).
Liability may be imposed upon a social host who serves alcohol to an intoxicated guest, who then causes harm to a third party. McGuiggan v. New England Telephone & Telegraph Co., 398 Mass. 152, 162 (1986). Although it is more common for a guest to cause injury resultant from drunk driving, a host may also be liable for assault and battery committed by a guest on a third party. Wallace v. Wilson, 411 Mass. 8, 12 (1991). Whether a host incurs such social host liability depends in great part upon the foreseeabilily of the harm caused to the plaintiff and the host’s ability to prevent it from occurring. Husband v. Dubose, 26 Mass.App.Ct. 667, 669-70 (1988). The essential element of social host liability is whether the host served the alcohol or made the alcohol available to the harm-causing guest. It is not enough that the guest was drinking at the home of the host if the host did not supply him the alcohol. Commerce Ins. Co. v. Ultimate Library Service, Inc., 452 Mass. 639, 646 (2008). See Ulwick v. DeChristopher, 411 Mass. 401, 407 (1991) (there is a duty of care that flows from having control over liquor).
Social host liability is different from traditional negligence and the two are separate causes of action. Lev v. Beverly Enterprises-Massachusetts, Inc., 457 Mass. 234, 240 (2010); Commerce Ins. Co., 452 Mass. at 646 (2008) (stating that social host liability is distinct from claim of ordinary negligence). ‘To prevail on a claim of negligence, ‘a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.’ ” Lev, 457 Mass. at 239-40, quoting Jupin v. Kask, 447 Mass. 141, 146 (2006). The owner of land may be held responsible for the foreseeable acts of a third party, but in general, a social host owes no duty to prevent harm caused by a third party unless a special relationship between the host and plaintiff exists. Judge v. Carrai, 77 Mass.App.Ct. 803, 807 (2010). Providing a location where people may come to drink and become intoxicated does not give rise to a special relationship that would impose a duty of reasonable care on the host. Ulwick, 411 Mass. at 405. Nor do hosts have a duty to supervise guests’ intake of their own alcohol. Id. at 406.
Applying these principals to the causes of action against the defendant Ann Lindmark, the court concludes that summary judgment is appropriate as to both counts.
Plaintiff argues that the vodka that the defendant Jones was consuming had been left there by Ann. However, social host liability is premised on “serving" or “providing” alcohol for guests to drink. Commerce Ins. Co., 452 Mass. at 646. Ann was not a host of the party, did not purchase any alcohol to be consumed at the party and did not serve or offer any drinks to any of the guests. For a social host to be held liable for harm caused by a third party, there must be some type of control over the alcohol giving rise to a duty on the host’s behalf. Ulwick, 411 Mass. at 407. Ann had no such control over the alcohol that her adult daughter’s friends drank, and for this reason, she cannot be held liable for the plaintiffs injuries under a theory of social host liability.
As to the second count alleged by the plaintiff, the court finds that Ann Lindmark did not breach the duty of reasonable care owed to guests in her home, and thus, as a matter of law, was not negligent. Courts have not imposed liability on a parent for injuries arising out of a party hosted by the parent’s child even when the parent knew that there would be alcohol. Wallace, 411 Mass. 8 Alioto v. Marnell, 402 Mass. 36 (1988); Langemann v. Davis, 398 Mass. 166 (1986). In Wallace, the Court quoted Langemann, stating: “We reject the argument that a parent, who neither provides alcoholic beverages nor makes them available, owes a duty to travelers on the highways to supervise a party given by her minor child. We reach this conclusion even if [the defendant] knew or reasonably should have known that alcoholic beverages would be available. The defendant’s conduct did not create a risk of injury to the plaintiff for which we are prepared to say the common law should provide a remedy.” 411 Mass, at 12, quoting 398 Mass, at 167. The Wallace decision extended the Langemann holding to injuries caused by assault and battery by a guest. 411 Mass, at 12.
*157 Applying the holdings of these cases to the case at hand, Ann Lindmark cannot be found negligent as she did not create the risk of harm that led to Ryan’s injuries. That she knew her daughter was having friends over and that there would be alcohol involved did not create a duty of care to protect the guests from harm caused by a third party. Wallace, 411 Mass. at 12; Langemann, 398 Mass. at 167. As a matter of law, Ann had no duty to supervise her daughter who at the time of the party was herself an adult. Alioto, 402 Mass. 38-39 (finding that parents did not have a duty to supervise adult son who was still under drinking age who later injured someone while driving under the influence). For a party to be found negligent, the plaintiff must show that the party owed her a duty of care and that that duty was breached. Lev, 457 Mass. 239-40. No duty of care arose between Ann Lindmark and Ryan that would place liability on the former for harm done to the latter by a third party. Judge v. Carrai, 77 Mass.App.Ct. 803, 806-08 (2010) (explaining how and under what circumstances duty of care owed by property owners to control third parties arises). For these reasons, the court grants summary judgment in favor of Ann Lindmark as to both negligence and social host liability.
As to the defendant Kerri Lindmark, the court finds that there are issues of material fact that must be resolved by a factfinder. As discussed above, to incur social host liability, a person must serve or make available alcohol to her guests so that she exercises an element of control over the alcohol. McGuiggan, 398 Mass, at 162; Husband, 26 Mass.App.Ct. at 669-70; Commerce Ins. Co., 452 Mass. at 646; Ulwick, 411 Mass. at 407. There is evidence in the record that not all guests were told that the party was “BYOB,” and that guests, including Jones, were getting beers out of the refrigerator and taking shots of vodka.
When deciding a motion for summary judgment, the court should view the facts alleged in the light most favorable to the non-moving party. Coveney v. Presidents & Trustees of the College of the Holy Cross, 388 Mass. 16, 17 (1983). As distinguished from Ann Lindmark, Kerri Lindmark was the host and, it could be found, the supplier at least of some amount of the alcohol that was being consumed. Accordingly a genuine issue of material fact exists for trial. See, e.g., Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983), and cases cited.
In that the resolution of social host liability and the negligence cause of action each turn on whether Kerri Lindmark supplied or served the alcohol, the court holds that there is sufficient evidence in the record to create a question of material fact on the count for negligence as well.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant Ann Lindmark’s Motion for Summary Judgment be ALLOWED and that the Defendant Kerri Lindmark’s Motion for Summary Judgment be DENIED.

defendant Kathleen Jones is not a party to the Motion for Summary Judgment.