513 So.2d 1356 (1987)
Michelle M. FRENCH, Appellant,
v.
CITY OF WEST PALM BEACH and West Palm Beach Banana Boat, Inc., D/B/a Banana Boat Restaurant and Lounge, Appellees.
No. 87-0109.
District Court of Appeal of Florida, Fourth District.
October 21, 1987.
Rehearing Denied November 9, 1987.
*1357 Steven P. Cullen of Hoadley & Gavigan P.A., West Palm Beach, for appellant.
Janis Brustares Keyser of Reid, Ricca & Rigell, P.A., West Palm Beach, for appellee West Palm Beach Banana Boat, Inc.
DELL, Judge.
Appellant seeks reversal of an order dismissing her third amended complaint with prejudice.
Appellant filed suit for personal injuries sustained as the result of an automobile accident. Appellant claimed that she was a minor at the time of the accident and that appellee, West Palm Beach Banana Boat, Inc.,[1] served her liquor shortly before the accident. Appellee argues that appellant's third amended complaint fails to contain sufficient ultimate facts to establish that they wilfully sold liquor to appellant. Appellant alleged in paragraph 9 of Count II and paragraph 16 of Count III that:
The Defendant as principle and by way of its servants, agents or employees served alcohol to the Plaintiff who appeared to be a minor and who was in fact a minor on January 13, 1984. The Defendant had a duty to check the identification and age of the Plaintiff before selling alcohol to her in accordance with the law of the State of Florida. The Defendant failed and neglected to check the identification of the Plaintiff or otherwise take the reasonably necessary steps to verify the age of the Plaintiff. [Emphasis added.]
On review, this court must consider as true, all well pleaded allegations of the complaint. Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983). Appellant's complaint contains the conclusory allegations that appellee willfully and unlawfully sold the alcoholic beverages to the plaintiff. These allegations, standing alone, would not support a cause of action under sections 562.11 and 768.125, Florida Statutes (1985). Section 562.11, Florida Statutes (1985) provides:
(1)(a) It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to a person under 21 years of age ...
(b) A licensee who violates paragraph (a) shall have a complete defense to any civil action therefor, except for any administrative action by the division under the Beverage Law, if, at the time the alcoholic beverage was sold, given, served, or permitted to be served, the person falsely evidenced that he was of legal age to purchase or consume the alcoholic beverage and the appearance of the person was such that an ordinarily prudent person would believe him to be of a legal age to purchase or consume the alcoholic beverage and if the licensee carefully checked one of the following forms of identification: the person's driver's license, an identification card issued under the provisions of s. 322.051, or the person's passport, and acted in good faith and in reliance upon the representation and appearance of the person in the belief that he was of legal age to purchase or consume the alcoholic beverage. Nothing herein shall negate any cause of action which arose prior to June 2, 1978.
Section 768.125, Florida Statutes (1985) provides:

*1358 Liability for injury or damage resulting from intoxication.  A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
Section 562.11(b) expressly provides that a licensee who sells alcoholic beverages to a person under the age of twenty-one has a complete defense to a civil action if the person falsely evidenced that he was of legal age and the appearance of the person was such that an ordinarily prudent person would believe him to be of legal age. However, we believe that the allegations that appellant "appeared to be a minor and was in fact a minor" and that appellee "had a duty to check the identification and age of the plaintiff" furnish the underpinning for the further allegation that appellees either knew or should have known that appellant was a minor and therefore the sale to such a person constituted a willful sale in violation of the aforementioned statutes. We hold that appellant's third amended complaint states a cause of action. Accordingly, we reverse the trial court's order dismissing appellant's third amended complaint with prejudice and remand this cause for further proceedings.
REVERSED and REMANDED.
GLICKSTEIN and STONE, JJ., concur.
NOTES
[1] This appeal does not concern the claim against appellee, City of West Palm Beach.