519 So.2d 1119 (1988)
John D. GORMAN, Appellant,
v.
ALBERTSON'S, INC., Appellee.
No. 86-2817.
District Court of Appeal of Florida, Second District.
February 10, 1988.
Mark R. Wolfe of Emmett Abdoney, P.A., Tampa, for appellant.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellee.
SCHOONOVER, Judge.
John D. Gorman appeals a final summary judgment in favor of the appellee, Albertson's Inc. We find that the trial court erred in granting the summary judgment and, accordingly, reverse.
Gorman filed an action against Albertson's seeking damages for injuries he sustained as a result of an automobile accident which occurred while he was a passenger in an automobile being driven by seventeen year old Kenneth J. Kimbrell. Gorman's amended complaint alleged that Albertson's was liable to him pursuant to section 768.125, Florida Statutes (1979), because one of its employees had willfully sold or furnished alcoholic beverages to Kimbrell, a minor, and that Gorman's injuries resulted from Kimbrell's subsequent intoxication.
After the case was at issue, Albertson's filed a motion for summary judgment on the ground that there was no evidence to support the allegation that it willfully and unlawfully sold alcoholic beverages to the minor, Kimbrell. The trial court granted *1120 Albertson's motion, and this timely appeal from the summary judgment followed.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden, furthermore, is on the party moving for a summary judgment to demonstrate conclusively that the nonmoving party cannot prevail. Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See also, Holl v. Talcott, 191 So.2d 40 (Fla. 1966). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder. In this case, Albertson's did not carry its burden. Although at this point there is no direct evidence of the state of mind of the clerk who allegedly sold the alcoholic beverages to Kimbrell, knowledge that a purchaser of alcoholic beverages is not of lawful drinking age may be established by circumstantial evidence relating to the apparent age of the person. See Willis v. Strickland, 436 So.2d 1011 (Fla. 5th DCA 1983), petition for review denied sub nom., ABC Liquors v. Willis, 446 So.2d 99 (Fla. 1984). See also, French v. City of West Palm Beach, 513 So.2d 1356 (Fla. 4th DCA 1987). Furthermore, whether in a particular instance the person's appearance alone imparted such knowledge, and to what extent, is normally a question of fact for the jury to determine. See Willis.
We, accordingly, reverse the final summary judgment and remand for proceedings consistent herewith.
RYDER, A.C.J., and FRANK, J., concur.