658 So.2d 1064 (1995)
PUBLIX SUPERMARKETS, INC., Appellant/Cross-Appellee,
v.
Steven Scott AUSTIN, et al., Appellees, and
Todd H. Wurtz, Appellee/Cross-Appellant.
No. 94-635.
District Court of Appeal of Florida, Fifth District.
June 30, 1995.
Rehearing Denied August 15, 1995.
*1065 Richard S. Womble and Richard B. Mangan, Jr. of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for appellant/cross-appellee.
Brian D. Hill of Hill and Ponton, P.A., Orlando, for appellee/cross-appellant Todd H. Wurtz.
Donald R. Henderson of Mateer, Harbert & Bates, P.A., Orlando, for appellee Orlando Regional Healthcare Systems, Inc.
Betsy E. Gallagher of Kubicki Draper, Miami, for appellee Steven Scott Austin.
COBB, Judge.
This appeal arises from a motorcycle/pickup truck collision which occurred in 1991. The injured motorcyclist, Todd Wurtz, filed a second amended complaint with three counts. Count I was directed at Steven Austin and Anthony Brewer, the driver and owner of the truck, respectively; Count II alleged that Publix willfully and unlawfully sold alcohol to Austin on the date of the collision in violation of sections 562.11 and 768.125, Florida Statutes,[1] resulting in Wurtz's injuries; and Count III alleged that Publix was negligent in the training, instructing and supervising of its employees, said negligence leading to Wurtz's injuries.
*1066 The jury returned a verdict finding that there had been a willful and unlawful sale of alcohol by Publix to Austin, allocated fault between Austin (80%) and Publix (20%), and arrived at a total damage verdict of $293,701.87. Publix has appealed from the consequent judgment against it.
Publix first contends that the trial court committed reversible error in refusing to dismiss Wurtz's allegations of negligence against it, not only those in regard to Count III, but those commingled in the allegations of Count II. Publix asserts in its brief:
Florida law does not recognize a cause of action for negligent sale of alcohol ... the only cause of action available to Wurtz was a cause of action based on Florida Statute section 768.125 which required Wurtz to prove a willful and unlawful sale of alcohol to Austin, a minor, which resulted in Wurtz's injuries.
In regard to this point, Publix urges that the trial court allowed prejudicial testimony and extraneous jury instructions which were only relevant to the improper "negligence" action.
In support of this argument, Publix traces the evolution of Florida law in regard to liability for the sale of alcohol. Originally, Florida common law, as well as that of other states, provided that a commercial vendor of alcoholic beverages was not liable to either the purchaser or to third persons injured as a result of the consumption of those beverages. This common law insulation was based on the principle that it was the consumption of the alcohol, rather than the prior sale, that directly and proximately resulted in the injury. See Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042, 1044 (Fla. 1991).
The common law view was modified in Florida in 1963 by the decision in Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963), wherein the Florida Supreme Court held that violation of the statute prohibiting the sale of alcohol to minors (see section 562.11) could give rise to civil liability. As a judicial trend developed extending liability towards vendors of alcoholic beverages, the Florida Legislature intervened in 1980 and enacted section 562.51, now codified as section 768.125, effectively reviving the original common law rule absolving vendors from liability for sales. This 1980 statute, however, provided exceptions in regard to liability for sales to minors and to persons habitually addicted to alcohol. See Ellis, at 1046. Therefore, argues Publix, since 1980 no cause of action for negligence, as opposed to willfulness, has existed against a vendor of alcohol in Florida.
Wurtz contends here, as he did before the trial court, that a cause of action for negligence against the vendor continues to exist in Florida. He bases this contention on the following sentence which appears at page 1047 of the Ellis opinion:
In summary, the above case law has established that, although limited by the provisions of section 768.125, there is a cause of action against a vendor for the negligent sale of alcoholic beverages to a minor that results in the injury to or death of the minor or third party. (emphasis added).
The above statement is dictum because Ellis did not concern the sale of alcohol to a minor. In the context of the entire opinion, and in light of the express provisions of the applicable statute, it is quite clear that the adjective "negligent" was inadvertently used in the quoted sentence. Its presence there, of course, renders the sentence nonsensical since the statutory limitation referred to earlier in the sentence expressly limits a vendor's liability, in regard to sale to a minor, to a "willful and unlawful" sale and not merely a negligent one.
Nevertheless, counsel for the plaintiff herein has seized on the erroneous Ellis dictum as a basis to claim that a negligence cause of action still exists in Florida under section 768.125. This misreading of Ellis resulted in the injection of error into the trial below, both in the admission of evidence and in jury instructions.
Based on the provisions of 768.125, we agree with Publix that Count III, which is merely a negligence claim, should have been dismissed by the trial court. On the other hand, Count II, although improperly commingling negligence allegations with its claim pursuant to section 768.125  and properly subject to a motion to strike surplusage therein  was not subject to dismissal with prejudice as urged by Publix. The prejudicial *1067 effects, however, of the trial court's failure to dismiss the negligence allegations would warrant a new trial.
Publix next contends that it was entitled to a summary judgment prior to trial on the issue of the "willfulness" of its sale to Austin. It contends that there was no evidence that the unidentified cashier had actual knowledge of Austin's age. The question, then, is whether there was any circumstantial evidence surrounding the sale which could give rise to an attribution of constructive knowledge on the part of Publix. The only such admissible evidence at the time of the summary judgment hearing, according to Publix, affirmatively indicated that Austin did not appear to be a minor  indeed, he had gone to considerable effort to appear older and had successfully purchased beer from several establishments. In fact, Austin testified in his deposition that he had purchased beer for several of his friends because of his more mature appearance. There was no other evidence in the record to indicate that it was a willful sale by the unknown cashier.
In response to this argument, Wurtz contends that the fact of the sale to a minor without a request for identification, coupled with the factual question of a minor's physical appearance at the time, created a jury issue, and cites to the cases of Gorman v. Albertson's, Inc., 519 So.2d 1119 (Fla. 2d DCA 1988) and Burns v. Three of a Kind, Inc., 439 So.2d 1004 (Fla. 5th DCA 1983) as a basis for denial of the summary judgment.
In Gorman, the Second DCA reversed the summary judgment entered below in favor of a bar that had served alcohol to a patron with a two year history of heavy alcohol abuse at the same bar. Gorman, which dealt with sale to an addicted person, affords little guidance in the instant case. In Burns, we reversed the summary judgment based primarily on the pleadings, and those pleadings specifically alleged actual knowledge of the defendant. Again, Burns is not relevant to the summary judgment issue posed herein.
Both Publix and Wurtz cite to our opinion in Willis v. Strickland, 436 So.2d 1011 (Fla. 5th DCA 1983), pet. for rev. denied by, ABC Liquors, Inc. v. Willis, 446 So.2d 99 (Fla. 1984). In that case, it was alleged that the plaintiffs were injured as a result of an automobile accident caused by the intoxication of Kay Strickland, a minor to whom employees of ABC Liquors had "willfully and unlawfully" sold alcoholic beverages. As in the instant case, the vendor failed to check identification of the minor's age prior to sale.
The trial court, on the basis of affidavits and depositions, entered summary judgment for ABC. We reversed. In doing so, we acknowledged that a "willful" sale under section 768.125 requires knowledge that the recipient of the sale is not of lawful drinking age. We noted, however, that such inculpatory knowledge of a person's age could be proved by circumstantial, as well as direct, evidence. There was evidentiary material before the trial court at the time of summary judgment which indicated that, at the relevant time, Strickland "was 16 years of age and had the appearance, speech and mannerism of a 16 year old." Willis, at 1012.
In the instant case, there was no evidence before the trial court at the time of summary judgment hearing indicating that Austin's appearance at the time of purchase was anything other than that indicated in his deposition  i.e., that he did not appear to be a minor at that time.
A case more nearly in point is Tuttle v. Miami Dolphins, Ltd., 551 So.2d 477 (Fla. 3d DCA 1988), rev. denied, 563 So.2d 635 (Fla. 1990). In Tuttle, a 17 year old, Guy Tuttle, purchased beer at the Orange Bowl in Miami and thereafter fell through a ramp-rail guard, injuring himself. Tuttle sued the sellers of the beer, and recovered a verdict allocating 14% of his damages to the sellers. The trial court granted a new trial. Tuttle appealed and the sellers cross-appealed, maintaining that when Tuttle failed to prove that the sale of alcoholic beverages was willful, the trial court should have directed a verdict in favor of the sellers. On appeal, the Third District, en banc, agreed with the sellers that they were entitled to a directed verdict on the issue of the willfulness of the sale, even though the seller failed to ask the minor for proof of age before selling him the beer. The appellate court based this determination on Tuttle's failure at trial to present *1068 evidence of his physical appearance at the time of the incident, some 6 years prior to trial. Therefore, said the appellate court, it was impossible for the jury to determine whether he looked younger than the statutory age (as was the evidentiary indication in Willis) so that the sale to him was, under the circumstances, "willful." The Third District determined that the trial record showed an absence of facts or inferences from facts to support a jury verdict for Tuttle. Therefore, the seller was entitled to a directed verdict.
We find Tuttle directly in point and persuasive. Just as in Tuttle, there was no evidence in the instant case to establish a willful sale as required under section 768.125. The law in regard to summary judgment was aptly set forth by the Florida Supreme Court in the case of Landers v. Milton, 370 So.2d 368 (Fla. 1979), wherein the court stated as follows:
A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with counter evidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965); Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); see Fla.R.Civ.P. 1.510.
In the instant case, Wurtz failed to come forward at the time of summary judgment with any counter evidence sufficient to reveal a genuine issue in regard to the willfulness of the sale. It was not enough to merely assert that an issue as to Austin's youthful appearance might exist at trial. In point of fact, no such evidence was introduced at the subsequent trial. The trial court should have granted the motion by Publix for summary judgment.
Wurtz has filed a notice of cross-appeal asserting: (1) that the awards returned by the jury in respect to future medical expenses and non-economic damages were unreasonably low; and (2) the trial court erred in applying the comparative fault statute[2] to this case.
In regard to the first point, we find that the damage awards fall within the discretionary parameters afforded trial juries. See Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1969). In regard to the second point, however, we agree with Wurtz that this was not a case where a jury could assess the comparative fault of the two defendants, Austin and Publix.
Austin and Publix were not alleged to be joint tortfeasors in pari delicto. Austin was charged with a negligent tort; Publix was charged with a willful tort. Section 768.125 indicates that the culpable vendor becomes vicariously liable for the damages caused by the intoxicated tortfeasor. There is no logical way for a jury to balance the wrongdoing of the willful vendor and the intoxicated tortfeasor. See, e.g., Rashtian v. BRAC-BH, Inc., 9 Cal. App.4th 1847, 12 Cal. Rptr.2d 411 (1992); Medina v. Graham's Cowboys, Inc., 113 N.M. 471, 827 P.2d 859 (App. 1992).
In the instant case, if Publix were liable, it would be liable for the entire judgment entered against Austin. Since there was no contributory negligence on the part of Wurtz, and no unjoined "phantom tortfeasors" in this case, the judgment entered against Austin should reflect the entire jury verdict.[3]
REVERSED and REMANDED for entry of judgment for Publix and against Austin in accordance with this opinion.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] Section 562.11, Florida Statutes, (1991), provides in pertinent part:

562.11 Selling, giving, or serving alcoholic beverages to person under age 21; misrepresenting or misstating age or age of another to induce licensee to serve alcoholic beverages to person under 21; penalties. 
(1)(a) It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to a person under 21 years of age or to permit a person under 21 years of age to consume such beverages on the licensed premises. Anyone convicted of violation of the provisions hereof is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
Section 768.125, Florida Statutes (1991), provides:
768.125 Liability for injury or damage resulting from intoxication.  A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
[2] § 768.81, Fla. Stat. (1989).
[3] Publix also contended in its appeal that the trial court erroneously allowed Wurtz to claim as a medical expense a hospital bill in the amount of $160,755.44 (which the hospital had written off prior to trial as a charity allowance), and that there should have been a $40,000 set-off from the jury award since Wurtz's UM carrier had waived its subrogation rights to that amount. These two issues are moot as to Publix as the result of our opinion in regard to its liability, and neither issue was raised by the co-defendant, Austin, in an appeal by him. Hence, we do not address either issue in this opinion.