BENTON, J.
As personal representatives of the Estate of Catherine E. Case, Terry L. and Elizabeth R. Case appeal summary final judgment entered in favor of Shreejee Ni Pedhi’s, Inc. d/b/a Bombay Liquors and Ravindu Patel (the vendor defendants). They contend evidence of record was enough for a jury to find that the vendor defendants willfully and unlawfully sold alcohol to the underage driver involved, while intoxicated, in the automobile accident that killed Catherine. We reverse the judgment, reverse the order denying leave to file an amended complaint to add a claim for punitive damages, and remand for further proceedings.
Pertinent to the present appeal, appellants alleged that Mr. Patel (as co-owner of Bombay and a cashier) sold alcohol to Andrews on several occasions without requiring proof of age, Andrews’ youthful appearance notwithstanding, including on the night of the fatal accident.[1] Count V alleged that the vendor defendants willfully and unlawfully sold alcohol to Andrews when Mr. Patel knew or should have known that Andrews was underage. Based on the same underlying factual allegations, count VI alleged that the willful and unlawful sale of alcohol to Andrews constituted negligence per se, because willful sales to underage purchasers violate a statute on the subject.[2]
*1153 The appellants subsequently moved to amend the complaint to include a claim for punitive damages against the vendor defendants. The vendor defendants opposed this motion and moved for summary judgment in turn, arguing the appellants could not make out a prima facie case of any violation of section 768.125.[3] Section 768.125, Florida Statutes (2010), provides:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
A “willful” sale or furnishing of alcoholic beverages to a person not of lawful drinking age requires “knowledge that the recipient is not of lawful drinking age .... [which] may be proved by direct evidence of actual knowledge or such knowledge may be established by circumstantial evidence.” Willis v. Strickland, 436 So.2d 1011, 1012 (Fla. 5th DCA 1983).
On deposition, Andrews had testified that he never informed anyone at Bombay Liquors that he was underage, and that Mr. Patel believed he was older, because he acted and spoke as if he were older. Arguing for summary judgment, the vendor defendants contended that, because there was no evidence that Andrews’ appearance at the time of the alleged purchase was other than “older,” as he had testified in his deposition, there was no evidence that Mr. Patel knew or should have known that he was selling alcohol to a minor, and therefore no proof of the element of willfulness. The vendor defendants also maintained below, as they argue here, that, if the appellants could not prove a willful sale of alcohol to Andrews, they could not meet the heightened burden required to recover punitive damages.
Persuaded, the learned trial judge denied the motion for leave to amend the complaint to add a claim for punitive damages, and entered final summary judgment against the plaintiffs. The trial court ruled there was no evidence of a willful sale because there was no evidence describing Andrews’ appearance “at the time of the incident,” other than the minor’s “own testimony, in which he describes the steps he took to look older, and in which he states that the cashier, in fact thought he was older.” In fact, there were also photographs of record, albeit none taken on the day of the alleged sale.
We review orders granting summary judgment de novo. See Dianne v. Wingate, 84 So.3d 427, 429 (Fla. 1st DCA 2012). “Our task is to determine whether, after reviewing every inference in favor of [a]ppellants as the non-moving party, no genuine issue of material fact exists and *1154 the moving party is entitled to a judgment as a matter of law.” Id. Summary judgment may not be granted if there is even the slightest doubt that material factual issues remain. See Alpha Data Carp. v. HX5, L.L.C., 139 So.3d 907, 910 (Fla. 1st DCA 2013). See also Feizi v. Dep’t of Mgmt. Servs., 988 So.2d 1192, 1193 (Fla. 1st DCA 2008) (“‘If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.’ ” (quoting Moore v. Morris, 475 So.2d 666, 668 (Fla.1985))). The material fact at issue here is whether Mr. Patel knew, or should have known, Andrews was underage when he allegedly sold him a bottle of Lord Calvert.
Circumstantial evidence of knowledge of the age of a person “may consist of facts relating to the apparent age of a person. The appearance of a person alone can impart knowledge of his or her age within certain ranges and to certain degrees of certainty. Whether it does or not in a particular instance, and to what extent, would normally be a question of fact for the jury to determine.” Willis, 436 So.2d at 1012-13. See also Gorman v. Albertson’s, Inc., 519 So.2d 1119, 1120 (Fla. 2d DCA 1988) (“Although at this point there is no direct evidence of the state of mind of the clerk who allegedly sold the alcoholic beverages to Kimbrell, knowledge that a purchaser of alcoholic beverages is not of lawful drinking age may be established by circumstantial evidence relating to the apparent age of the person”). “Furthermore, whether in a particular instance the person’s appearance alone imparted such knowledge, and to what extent, is normally a question of fact for the jury to determine. See Willis.” Id.
In contrast to the situation in Publix Supermarkets, Inc. v. Austin, 658 So.2d 1064, 1067 (Fla. 5th DCA 1995), where the evidence indicated[4] the minor had gone to *1155 “considerable effort to appear older,” in the present case Andrews testified only that Mr. Patel thought he was older because: “I talked older and I can communicate and I can talk — talk the bull with them.” He clarified that when he said he “talked older” he meant that he spoke with a southern accent. The only other description Andrews gave regarding his appearance when, he said, he purchased alcohol the night of the accident was that he wore a white [base]ball cap. Wearing a baseball cap and “talking] the bull” using a southern accent do not, as a matter of law, render the purchaser’s otherwise youthful appearance immaterial. When asked if he ever tricked Mr. Patel in any way regarding his age or lied to Mr. Patel about his age, moreover, Andrews answered “No, sir.”
The trial court relied on Tuttle v. Miami Dolphins, Ltd., 551 So.2d 477 (Fla. 3d DCA 1988), where the complaint alleged that Guy Tuttle, then seventeen, became intoxicated consuming beer he purchased at a football game from vendors who failed to ask for proof of age, and was injured as a result. The defendants argued the absence of proof of willful sales to a minor entitled them to a directed verdict, and the Third District agreed: “At trial, ... Guy failed to present evidence about his physical appearance at the time of the incident, six years earlier. It was therefore impossible for the jury to determine whether he looked younger than the statutory age so that the sale to a minor was, under the circumstances, ‘willful.’ ” Id. at 481.
In contrast, in the present case, in opposition to the motion for summary judgment, the appellants relied on photographs of Andrews taken around the time of the accident. Both Andrews and Andrews’ grandfather “admitted” (in response to requests for admission before they were dismissed as parties) that the photographs “fairly and accurately depict Andrews Newman’s physical appearance during the 2010-2011 school year and leading up to the subject accident on March 12, 2011.”[5] A friend of Andrews agreed, moreover, during her deposition, that the pictures “fairly reflect the way he looked back then.” The record also contains the “booking” photograph of Andrews, taken June 29, 2011. (Andrews is now serving a prison sentence for his part in the accident.)
In contradistinction .to Tuttle, the jury in the present case can determine — based on photographs of Andrews taken some months before the accident and approximately three months after the accident— whether he looked younger than the statutory age on the day of the accident, so that the alleged sale of alcohol to a minor was “willful.” That there was no proffer of a photograph taken the very day of the alleged sale and accident did not make sum *1156 mary judgment appropriate. See id. • at 483, 483 n. 5 (Pearson, J., concurring) (“[T]he jury was called upon to conclude solely from Tuttle’s appearance at age 23-1/2 that he had appeared younger than 19 when he bought the beer from the vendor six years earlier.... Of course, a picture depicting Guy Tuttle near the time of the accident might very well have overcome the deficiency. None was presented.”).
Mr. Patel testified on deposition that he asked for identification from anyone who looked to be under the age of 30 (unless it was someone he had previously asked to provide identification). Yet Andrews testified that he probably first purchased alcohol at Bombay Liquors during May of 2010, when he was sixteen years old, and that Mr. Patel never asked him for identification or asked his age, and that he had never had or displayed a “fake ID.” In sum, record evidence raises a genuine issue as to whether Mr. Patel knew or should have known he was selling alcohol to a minor.
The trial court also erred in denying the appellants’ motion for leave to file an amended complaint to add a claim for punitive damages.[6] Section 768.72, Florida Statutes (2014), provides in part:
(1)In any civil action, no claim for punitive damages shall be permitted unless there. is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages ....
(2) A defendant may be held liable for punitive damages only if the trier of fact, • based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:
(a) “Intentional misconduct” means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
(b) “Gross negligence” means that the defendant’s conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
(3) In the case of [a] corporation, ... punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and:
(a) The ... corporation ... actively and knowingly participated in such conduct;
(b) The officers, directors, or managers of the ... corporation ... knowingly condoned, ratified, or consented to such conduct; or
*1157 (c) The ... corporation ... engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.
“In evaluating the sufficiency of the evidence proffered in support of a punitive damages claim, the evidence is viewed in a light favorable to the moving party.” Wayne Frier Home Ctr. of Pensacola, Inc. v. Cadlerock Joint Venture, L.P., 16 So.3d 1006, 1009 (Fla. 1st DCA 2009).
Just as there was sufficient evidence on the issue of willfulness of the alleged sale of alcohol to a minor to withstand a motion for summary judgment on the main claim, there was sufficient evidence of “a reasonable basis for recovery” of punitive damages to submit to a jury the issue of punitive damages.
Reversed and remanded.
VAN NORTWICK and CLARK, JJ., concur.

. Specifically alleging Catherine’s wrongful death in a collision with a vehicle driven by Andrews Newman, then seventeen years old, the appellants named as defendants Andrews Newman, his father, and his grandfather (the owner of the vehicle Andrews drove), along with the vendor defendants. The appellants have since entered into separate settlement agreements with the minor driver, his father, and his grandfather.

. See § 562.1 l(l)(a)l„ Fla. Stat. (2010) (“It is unlawful for any person to sell ... alcoholic beverages to a person under 21 years of age-A person who violates this subpara-graph commits a misdemeanor of the second degree....").
Count V and Count VI are at best redundant. See Publix Supermarkets, Inc. v. Austin, 658 So.2d 1064, 1066 (Fla. 5th DCA 1995) (rejecting the plaintiff’s argument that a cause of action for negligence against a vendor for sale of alcohol to a minor continues to exist in Florida and noting that the statement in Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042, 1047-48 (Fla.1991) — “that, although limited *1153 by the provisions of section 768.125, there is a cause of action against a vendor for the negligent sale of alcoholic beverages to a minor” [and once the elements of the criminal offense in section 562.1 l(l)(a), Florida Statutes "have been proven, the plaintiff has established negligence per se”] — "is dictum because Ellis did not concern the sale of alcohol to a minor” and "the statutory limitation ... expressly limits a vendor’s liability ... to a 'willful and unlawful' sale and not merely a negligent one”). We do not hold otherwise, and it may be appropriate to strike Count VI as surplus-age on remand.

. The vendor defendants also asserted that Florida no longer recognizes negligence per se with regard to the sale of alcohol to a minor. See ante n. 2.

. Our sister court's decision in Austin, relied on-by the trial court, is distinguishable. In Austin, Publix argued on appeal that the trial court erred in denying its motion for summary judgment on the issue of the willfulness of its sale of alcohol to the minor involved there. In the absence of evidence that the unidentified cashier had actual knowledge of the minor's age, the question became “whether there was any circumstantial evidence surrounding the sale which could give rise to an attribution of constructive knowledge on the part of Publix.” Id. at 1067.
The district court said "[t]he only such admissible evidence at the time of the summary judgment hearing, according to Publix, affirmatively indicated that Austin did not appear to be a minor — indeed, he had gone . to considerable effort to appear older and had successfully purchased beer from several establishments. In fact, Austin testified in his deposition that he had purchased beer for several of his friends because of his more mature appearance. There was no other evidence in the record to indicate that it was a willful sale by the unknown cashier.” Id. The court concluded "there was no evidence before the trial court at the time of summary judgment hearing indicating that Austin’s appearance at the time of purchase was anything other than that indicated in his deposition — i.e., that he did not appear to be a minor at that time." Id. Because the plaintiff "failed to come forward at the time of summary judgment with any counter evidence sufficient to reveal a genuine issue in regard to the willfulness of the sale," the district court held the trial court should have granted the motion by Publix for summary judgment. Id. at 1068.
In the present case, photographs of Andrews taken before and after the accident and within some three months of the' accident were part of the record. In further contrast to Austin, where the minor testified he had successfully purchased beer from several establishments and had purchased beer for several of his friends because of his more mature appearance, Andrews testified, "Nowhere else would sell me alcohol. I tried every liquor store in Middleburg.” Andrews also testified the clerk of a different store where he had *1155 purchased beer during this same period probably knew he was underage, even though he never told him.

. Attached to appellants’ requests for admission and to the deposition of the driver’s friend are what appear to be two identical photographs of Andrews, with the exception that one photograph has "09-10” written in the upper left comer and the driver’s first name written in the lower right corner.
During the hearing on the motion for summary judgment, counsel for the parties disagreed regarding the meaning of "09-10.” Counsel for vendor defendants argued this established the picture was taken during the 2009-2010 school year, a year before the accident. Counsel for appellants argued it indicated the picture was taken sometime during September of 2010. The trial court then stated "the picture 09-10 would be for the September '09 to May '10 school year,” and the accident occurred "two months before the end of the school year in 'll.” No evidence, however, was presented regarding the date the picture was taken.

. In Ingram v. Pettit, 340 So.2d 922, 924 (Fla. 1976), the supreme court said that “courts and the Legislature have evolved the notion that drunk drivers menace the public safety and are to be discouraged by punishment. ... In line with that policy, therefore, we hold that juries may award punitive damages where voluntary intoxication is involved in an automobile accident in Florida.... We affirmatively hold that the voluntary act of driving 'while intoxicated’ evinces, without more, a sufficiently reckless attitude for a jury to be asked to provide an award of punitive damages if it determines liability exists for compensatory damages." Similarly, the legislature has now determined that selling alcoholic beverages to a person under twenty-one years of age presents a danger to public safety and should be punished as a crime. See §§ 562.11 (1 )(a) 1. & 562.11(l)(b), Fla. Stat. (2014).